IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOBLE DREW ALI A, MOORISH SCIENCE TEMPLE OF AMERICA AND SHEIK C. BARNES BEYs, | : : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION : DOCKET NO. 18-05655 : |
| MARY MONGIOVI, MARK SHIVERS, HOWARD F. KNISELY, CRAIG W. STEDMAN, CAITLIN BLAZIER, ALAN BLANK, MOVELOOK, DAVID MILLER, MARK J. WILSON, BRETT I. COLE, TERI LANDON-MILLER, ANDY WAGNER, SNYDER, TOM RUDZINSKI, DAVID KILGORE, MARSHALL RIEGER, DEZERAY DAVIS, STEVEN J. GOLIGHTLY, DEPARTMENT OF CHILD SUPPORT SERVICES, MICHAEL WILKENING, NAKISHA DICKENS AND SHERRI CARTER | : : : : : : : : : : : : : : |
| Defendants. | : : |

**ORDER**

**AND NOW**, this _____ day of _____, 2019 upon consideration of Defendants Craig W. Stedman, Caitlin Blazier, Alan Blank, David Miller, Mark J. Wilson, Brett I. Cole, Teri Landon-Miller, and Andy Wagner's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 8, and any response thereto, Defendants' Motion is hereby GRANTED and Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.

_____
Honorable Joseph F. Leeson, Jr,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOBLE DREW ALI A, MOORISH SCIENCE TEMPLE OF AMERICA AND SHEIK C. BARNES BEYs, : : : : Plaintiffs, : : v. : : MARY MONGIOVI, MARK SHIVERS, : HOWARD F. KNISELY, CRAIG W. : STEDMAN, CAITLIN BLAZIER, ALAN : BLANK, MOVELOOK, DAVID MILLER, : MARK J. WILSON, BRETT I. COLE, : TERI LANDON-MILLER, ANDY : WAGNER, SNYDER, TOM RUDZINSKI, : DAVID KILGORE, MARSHALL : RIEGER, DEZERAY DAVIS, STEVEN J. : GOLIGHTLY, DEPARTMENT OF : CHILD SUPPORT SERVICES, MICHAEL : WILKENING, NAKISHA DICKENS AND : SHERRI CARTER : : Defendants. : | CIVIL ACTION DOCKET NO. 18-05655 |


NOBLE DREW ALI A, MOORISH
SCIENCE TEMPLE OF AMERICA AND
SHEIK C. BARNES BEYs,

        Plaintiffs,

        v.

MARY MONGIOVI, MARK SHIVERS,
HOWARD F. KNISELY, CRAIG W.
STEDMAN, CAITLIN BLAZIER, ALAN
BLANK, MOVELOOK, DAVID MILLER,
MARK J. WILSON, BRETT I. COLE,
TERI LANDON-MILLER, ANDY
WAGNER, SNYDER, TOM RUDZINSKI,
DAVID KILGORE, MARSHALL
RIEGER, DEZERAY DAVIS, STEVEN J.
GOLIGHTLY, DEPARTMENT OF
CHILD SUPPORT SERVICES, MICHAEL
WILKENING, NAKISHA DICKENS AND
SHERRI CARTER

        Defendants.

: CIVIL ACTION
: DOCKET NO. 18-05655

**DEFENDANTS CRAIG W. STEDMAN, CAITLIN BLAZIER, ALAN BLANK,
DAVID MILLER, MARK J. WILSON, BRETT I. COLE,
TERI LANDON-MILLER, AND ANDY WAGNER'S
<u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

    Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank, David Miller, Mark J. Wilson, Brett I. Cole, Teri Landon-Miller, and Andy Wagner, (collectively, "Defendants") by and through their attorneys, The MacMain Law Group, LLC, hereby move this Honorable Court pursuant to F.R.Civ.P. 12(b)(6) for an Order dismissing all claims, *with prejudice,* asserted against them in Plaintiff's Amended Complaint, pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure on the basis of Plaintiff's failure to state a claim upon which relief may be granted and for and Rule 8 of

the Federal Rules of Civil Procedure on the basis of Plaintiff's failure to contain a "short and plain statement of the claim showing that [he] is entitled to relief."

The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law, which are incorporated herein by reference as if set forth fully at length.

Respectfully Submitted,

**THE MACMAIN LAW GROUP, LLC**

Dated: <u>March 18, 2019</u>　　　　By:　*/s/ David J. MacMain*
　　　　　　　　　　　　　　　　　David J. MacMain
　　　　　　　　　　　　　　　　　Attorney I.D. No. 59320
　　　　　　　　　　　　　　　　　433 W. Market Street, Suite 200
　　　　　　　　　　　　　　　　　West Chester, PA 19382
　　　　　　　　　　　　　　　　　*Attorney for Defendants, Craig W. Stedman,*
　　　　　　　　　　　　　　　　　*Caitlin Blazier, Alan Blank, David Miller,*
　　　　　　　　　　　　　　　　　*Mark Wilson, Brett I. Cole, Terri Landon-*
　　　　　　　　　　　　　　　　　*Miller and Andy Wagner*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOBLE DREW ALI A, MOORISH SCIENCE TEMPLE OF AMERICA AND SHEIK C. BARNES BEYs, : : : : Plaintiffs, : : v. : : MARY MONGIOVI, MARK SHIVERS, : HOWARD F. KNISELY, CRAIG W. : STEDMAN, CAITLIN BLAZIER, ALAN : BLANK, MOVELOOK, DAVID MILLER, : MARK J. WILSON, BRETT I. COLE, : TERI LANDON-MILLER, ANDY : WAGNER, SNYDER, TOM RUDZINSKI, : DAVID KILGORE, MARSHALL : RIEGER, DEZERAY DAVIS, STEVEN J. : GOLIGHTLY, DEPARTMENT OF : CHILD SUPPORT SERVICES, MICHAEL : WILKENING, NAKISHA DICKENS AND : SHERRI CARTER : : Defendants. : | CIVIL ACTION DOCKET NO. 18-05655 |

**MEMORANDUM OF LAW IS SUPPORT OF DEFENDANTS CRAIG W. STEDMAN, CAITLIN BLAZIER, ALAN BLANK,  DAVID MILLER, MARK J. WILSON, BRETT I. COLE,  TERI LANDON-MILLER, AND ANDY WAGNER'S <u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank,  David Miller, Mark J. Wilson, Brett I. Cole,  Teri Landon-Miller, and Andy Wagner, (collectively, "Defendants") by and through their attorneys, The MacMain Law Group, LLC, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure.

1

**I.      PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS**

On or about December 31, 2018, *pro se* Plaintiff, Noble Drew Ali initiated this purported civil rights action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania against twenty-one (21) defendants, including Defendants herein. (Doc. No. 1). Thereafter, on or about February 15, 2019, *pro se* Plaintiff, Nobel Drew Ali filed an Amended Complaint against the same twenty-one (21) defendants. (Doc. No. 4). On March 8, 2019, counsel for Defendants entered his appearance. (Doc. No. 8) On March 15, 2019, Defendants filed their Waivers of Service.

Although there are no delineated counts asserted, this action appears to be a claim for an alleged violation of the First Amendment to the United States Constitution. (See, generally, Plaintiff's Second Amended Complaint). The substance of Plaintiff's Second Amended Complaint is that: (1) Plaintiff does not submit to the Article III Magistrate Judge's presiding over this case (Amended Complaint, p. 5); (2) as a member of the "Moorish American Moslems", Plaintiff is a part of his "own free national government." (Id.); (3) Plaintiff's claims arose in 1988 and continue to the present (Id. p. 7); and (4) the "lower courts" have harmed Plaintiff by identifying or otherwise docketing information concerning actions or offenses in which Plaintiff is identified or named as a party (Id. p. 8). Plaintiff does not mention any of the Defendants in the entirety of his Amended Complaint beyond naming them as Defendants. (See, Amended Complaint). Nevertheless, Plaintiff demands $250,000 in damages against Defendants in their individual and official capacity. (Id. p. 4).

**II.     STATEMENT OF THE QUESTION INVOLVED**

Whether Plaintiff has failed to assert any cause of action against Defendants sufficient to survive the Motion to Dismiss.

### III.  SUMMARY OF THE ARGUMENT

As set forth more fully herein, Plaintiff's Second Amended Complaint fails to set forth a viable cause of action against Defendants, and fails to plead short and plain statement of the claim showing he is entitled to relief. A fair and good faith reading of Plaintiff's Amended Complaint demonstrates that no articulable cause of action has been plead or can otherwise be identified as asserted against Defendants. Accordingly, Plaintiff's Amended Complaint should be dismissed.

### IV.  ARGUMENT

#### 1.  Legal Standard

A court may dismiss a complaint for failure to state a claim under Fed.R.Civ.P 12(b)(6). For purposes of the present Motion to Dismiss, the Court must accept as true all factual allegations made in Plaintiff's Amended Complaint. Scheuer v. Rhodes, 416 U.S. 236 (1974). While a court must accept all allegations of material fact in the complaint as true it may disregard "rote recitals" or a cause of action, legal conclusions or conclusory statements. James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

A motion under Rule 12(b)(6) tests the sufficiency of a Complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that a Complaint contain a short and plain statement of the claim showing that Plaintiff is entitled to relief "in order to give the Defendant fair notice of what the claim is and the grounds upon which it rests. "Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 6623, 129 S.Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "probability requirement," it demands more than a mere possibility that the Defendants have

acted unlawfully. Id. A formulaic recitation of the elements of a cause of action does not suffice to meet the Rule 8(a)(2) obligation of a "short and plain statement" of the claim and its grounds. Twombly, 550 U.S. at 555. Legal conclusions and "naked assertions" are not entitled to the presumption of truth and must be disregarded for purposes of resolving a 12(b)(6) motion. Iqbal, 129 S.Ct. at 1950.

In Iqbal, the Supreme Court stated: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Furthermore, "Plaintiff's obligation to state the grounds of entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Wilson v. Pallman, 2009 WL 2448577 (E.D.Pa. 2009, O'Neill); quoting Twombly, 550 U.S. at 555.

In analyzing a Motion to Dismiss, the court should conduct a two-part analysis. First, the court should separate the factual and legal elements of the claim-and the court should accept all facts as true and disregard any legal conclusions. Iqbal, 129 S.Ct. at 1949. Second, the court analyzes whether the facts alleged in the complaint are sufficient to establish that Plaintiff has stated a plausible claim for relief. Id., at 1950. A complaint has to "show" such an entitlement with its facts. See, Phillips v. County of Allegheny, 515 F.3d 224, 234-235 (3d Cir. 2008).

**2.    Legal Argument**

    **A.    Plaintiff has Failed to State a Cognizable Claim for Violation of the First Amendment to the United States Constitution**

Plaintiff appears to allege a claim for "the deprivation of right and deprivation of rights under color of law, our claims are also based on freedom of religion." (Amended Complaint, p.5). Plaintiff pleads no further facts in his Amended Complaint that identify what, if any, actions Defendants took to deprive him of his religious freedom. (See, Amended Complaint).

4

While it is unclear whether Plaintiff is asserting a claim for violation of the Establishment Clause of the First Amendment to the United States Constitution, or if he is asserting a claim for violation of the Free Exercise Clause, it is clear that Plaintiff has failed to allege a cognizable claim against Defendants for any violation of the Constitution.

"The Establishment Clause requires government neutrality with respect to religion and so protects against 'sponsorship, financial support, and active involvement of the sovereign in religious activity.'" Brown v Scanlon, 2018 U.S. Dist. LEXIS 194049, *18 (M.D.Pa. November 13, 2018) (citing, Lemon v. Kurtzman, 403 U.S. 602, 612, 91 S.Ct. 2105, (1971)(quoting, Walz v. Tax Commission, 397 U.S. 664, 668, 90 S.Ct. 1409 (1970). There is a three-part test in connection with an alleged violation of the Establishment Clause and there is no violation where the action: "(1) has a secular purpose; (2) has a primary effect which neither advances no inhibits religion; and (3) does not foster excessive state entanglement with religion." Lemon, 403 U.S. at 612-13. In his Amended Complaint, Plaintiff wholly fails to plead any allegations against Defendants that establish any violation of the Establishment Clause and has therefore failed to plead a cognizable claim for violation of the First Amendment to the United States Constitution.

"The Free Expression Clause of the First Amendment protects the right of every person to choose a religion to practice without state compulsion." Brown, at *19. In pursuing the Free Expression inquiry, the court asks, "whether government has placed a substantial burden on the observation of a central religious belief or practice, and if so, whether a compelling governmental interest justifies the burden." Id., citing, Hernandez v. Commissioner, 490 U.S. 680, 699, 109 S.Ct. 2136 (1989). As in the Establishment Clause inquiry, *supra,* there are no discernable allegations of fact plead in Plaintiff's Amended Complaint to set forth a viable claim that Defendants violated his First Amendment religious interests. Plaintiff does not identify what, if any, act or events

5

perpetuated by Defendants place any substantial burden on the observation of a central religious belief or practice and has therefore failed to plead a cognizable claim for violation of the First Amendment to the United States Constitution.

### B. Plaintiff's Amended Complaint is Unintelligible.

It is virtually impossible to discern what, if any facts, Plaintiff has plead in support of his contention that Defendants have violated any Constitutional right. One of the only perceptibly plead facts is that Plaintiff asserts that his claims began in 1988 and continue to "[p]resent events." (Amended Complaint, p.7). When a plaintiff's "factual assertions are also voluminous and unintelligible…[and where the] pleading jumps from topic to topic in an incoherent manner and includes extensive discussion about issues that are irrelevant to what the lawsuit seems to be about" such allegations fail to comply with F.R.Civ.P. 8 and such a complaint should rightfully be dismissed. Miller v. Blanchard, No. 18-2752, 2019 U.S.Dist. LEXIS 39936 (E.D.Pa. March 12, 2019).

As in Miller, Plaintiff in the instant matter jumps from topic to topic. There is voluminous and erratic discussion about topics which have nothing to do with Plaintiff's purported First Amendment claim. Specifically, Plaintiff discusses, in part, driver's licenses, passports, wage garnishments, liens of property, the flag, treaties, international law (Amended Complaint, p. 7), other unrelated possible crimes and probation, debt and civil and criminal proceedings that may be related to Plaintiff. (Amended Complaint, p. 8). Accordingly, Plaintiff has failed to comply with Fed.R.Civ.P. 8 for failure to contain a "short and plain statement of the claim showing that [he] is entitled to relief."

6

## V. CONCLUSION

For all the reasons articulated herein, Plaintiff Nobel Drew Ali's Amended Complaint against Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank, David Miller, Mark J. Wilson, Bret I. Cole, Teri Landon-Miller, and Andy Wagner should be dismissed *with prejudice* for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6) and for failure to comply with Fed.R.Civ.P. 8.

                                      Respectfully Submitted,

                                **THE MACMAIN LAW GROUP, LLC**

Dated: March 18, 2019        By:    */s/ David J. MacMain*
                                                      David J. MacMain
                                                      Attorney I.D. No. 59320
                                                      433 W. Market Street, Suite 200
                                                      West Chester, PA 19382
                                                      *Attorney for Defendants, Craig W. Stedman,*
                                                      *Caitlin Blazier, Alan Blank, David Miller,*
                                                      *Mark Wilson, Brett I. Cole, Terri Landon-*
                                                      *Miller and Andy Wagner*

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 18th day of March 2019, a copy of the foregoing *Motion to Dismiss* was served upon the following via first class mail:

Noble Drew Ali
Moorish Science Temple of America
Sheik C. Barnes Bey
PO Box 8606
Lancaster, PA 17604
*Pro Se Plaintiff*

**THE MACMAIN LAW GROUP, LLC**

Dated: March 18, 2019          By:     */s/ David J. MacMain*
                                        David J. MacMain
                                        Attorney I.D. No. 59320
                                        433 W. Market Street, Suite 200
                                        West Chester, PA 19382
                                        *Attorney for Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank, David Miller, Mark Wilson, Brett I. Cole, Terri Landon-Miller and Andy Wagner*