PRIOR PRINTER'S NOS. 1970, 2259, 2369       PRINTER'S NO. 2382

## THE GENERAL ASSEMBLY OF PENNSYLVANIA

# SENATE BILL

## No. 1421 Session of 2002

INTRODUCED BY JUBELIRER, MELLOW, CORMAN, MUSTO, LEMMOND,
   TARTAGLIONE, D. WHITE, MOWERY, GREENLEAF, BOSCOLA, HELFRICK,
   DENT, THOMPSON, M. WHITE, TOMLINSON, ROBBINS, LAVALLE, BELL,
   KITCHEN, SCARNATI, GERLACH, KASUNIC, WENGER, BODACK, CONTI,
   A. WILLIAMS, WAUGH AND WAGNER, APRIL 30, 2002

AS AMENDED ON THIRD CONSIDERATION, NOVEMBER 18, 2002

### AN ACT

1  Protecting the free exercise of religion; and prescribing the
2     conditions under which government may substantially burden a
3     person's free exercise of religion.

4     The General Assembly of the Commonwealth of Pennsylvania

5  hereby enacts as follows:

6  Section 1.  Short title.

7     This act shall be known and may be cited as the Religious

8  Freedom Protection Act.

9  Section 2.  Legislative findings.

10    The General Assembly finds and declares as follows:

11        (1)  Laws and governmental actions which are facially

12    neutral toward religion, as well as laws and governmental

13    actions intended to interfere with religious exercise, may

14    have the effect of substantially burdening the free exercise

15    of religion. However, neither State nor local government

16    should substantially burden the free exercise of religion

17    without compelling justification.

*Annexed : G7*

1      (2)   The General Assembly intends that all laws, which it

2   has heretofore enacted or will hereafter enact, and all

3   ordinances and regulations which have been or will be adopted

4   by political subdivisions or executive agencies, shall be

5   construed so as to avoid the imposition of substantial

6   burdens upon the free exercise of religion without compelling

7   justification.

8   Section 3.   Definitions.

9      The following words and phrases when used in this act shall

10  have the meanings given to them in this section unless the

11  context clearly indicates otherwise:

12     "Agency."   A Commonwealth agency or a non-Commonwealth

13  agency. THE TERM SHALL NOT INCLUDE THE COURTS OF THIS                    <—

14  COMMONWEALTH OR A GRAND JURY ACTING PURSUANT TO 42 PA.C.S. §

15  4548 (RELATING TO POWERS OF INVESTIGATING GRAND JURY).

16     "Commonwealth agency."   The Commonwealth, including the

17  Executive Department and its boards and commissions; an

18  independent administrative department, board and commission; or

19  a public official thereof, acting under color of State law.

20     "Correctional employee."   A public official, employee, agent,

21  contractor or volunteer working for or providing services

22  relating to a correctional facility or its inmates.

23     "Free exercise of religion."   The practice or observance of

24  religion under section 3 of Article I of the Constitution of

25  Pennsylvania.

26     "Non-Commonwealth agency."   A political subdivision,

27  municipal authority or any other local government

28  instrumentality authorized by law, or a public official thereof,

29  acting under the color of State law.

30     "Person."   An individual, or a church, association of

20020S1421B2382                        - 2 -

1 churches or other religious order, body or institution which

2 qualifies for exemption from taxation under section 501(c)(3) or

3 (d) of the Internal Revenue Code of 1986 (Public Law 99-514, 26

4 U.S.C. § 501).

5     "Substantially burden."  An agency action which does any of

6 the following:

7         (1)  Significantly constrains or inhibits conduct or

8     expression mandated by a person's sincerely held religious

9     beliefs.

10        (2)  Significantly curtails a person's ability to express

11    adherence to the person's religious faith.

12        (3)  Denies a person a reasonable opportunity to engage

13    in activities which are fundamental to the person's religion.

14        (4)  Compels conduct or expression which violates a

15    specific tenet of a person's religious faith.

16 Section 4.  Free exercise of religion protected.

17    (a)  General rule.--Except as provided in subsection (b), an

18 agency shall not substantially burden a person's free exercise

19 of religion, including any burden which results from a rule of

20 general applicability.

21    (b)  Exceptions.--An agency may substantially burden a

22 person's free exercise of religion if the agency proves, by a

23 preponderance of the evidence, that the burden is all of the

24 following:

25        (1)  In furtherance of a compelling interest of the

26    agency.

27        (2)  The least restrictive means of furthering the

28    compelling interest.

29 Section 5.  Actions.

30    (a)  Claim or defense.--A person whose free exercise of

20020S1421B2382                       - 3 -

1  religion has been burdened or likely will be burdened in

2  violation of section 4 may assert that violation against an

3  agency as a claim or defense in any judicial or administrative

4  proceeding.

5      (b)  Notice.--Notwithstanding subsection (a) and except as

6  provided in subsection (c), a person may not bring an action in

7  court to assert a claim under this act unless, at least 30 days

8  prior to bringing the action, the person gives written notice to

9  the agency by certified mail, return receipt requested,

10 informing the agency of all of the following:

11      (1)  The person's free exercise of religion has been or

12     is about to be substantially burdened by an exercise of the

13     agency's governmental authority.

14      (2)  A description of the act or refusal to act which has

15     burdened or will burden the person's free exercise of

16     religion.

17      (3)  The manner in which the exercise of the governmental

18     authority burdens the person's free exercise of religion.

19  (c)  Exception.--A person may bring an action in court

20 without providing the notice required by subsection (b) if any

21 of the following occur:

22      (1)  The exercise of governmental authority which

23     threatens to substantially burden the person's free exercise

24     of religion is imminent.

25      (2)  The person was not informed and did not otherwise

26     have knowledge of the exercise of the governmental authority

27     in time to reasonably provide notice.

28      (3)  The provision of the notice would delay an action to

29     the extent that the action would be dismissed as untimely.

30      (4)  The claim or defense is asserted as a counterclaim

20020S1421B2382                      - 4 -

1    in a pending proceeding.

2    (d)   Limitation.--Prior to the expiration of the 30-day

3    period referred to in subsection (b), an agency which receives

4    notice in accordance with subsection (b) may remedy the

5    substantial burden on the person's free exercise of religion.

6    (e)   Jurisdiction.--A person alleging a violation of section

7    4 by a Commonwealth agency may bring an action in Commonwealth

8    Court in accordance with this section and the applicable rules

9    of court. In accordance with this section and applicable rules

10   of court, a person alleging a violation of section 4 by a non-

11   Commonwealth agency may bring an action in the court of common

12   pleas for the county where the non-Commonwealth agency's office

13   is located.

14   (f)   Remedies.--If a person asserts a claim or defense in

15   accordance with this section and proves, by clear and convincing

16   evidence, that the person's free exercise of religion has been

17   burdened or likely will be burdened in violation of section 4, a

18   court may award the person such declaratory or injunctive relief

19   as may be appropriate. No court shall award monetary damages for

20   a violation of this act. Unless the court finds that the actions

21   of the agency were dilatory, obdurate or vexatious, no court

22   shall award attorney fees for a violation of this act.

23   (g)   Inmate claims.--To the extent permitted under the

24   Federal law, an agency shall be deemed not to have violated the

25   provisions of this act if a rule, policy, action, omission or

26   regulation of a correctional facility or its correctional

27   employees is reasonably related to legitimate penological

28   interests, including the deterrence of crime, the prudent use of

29   institutional resources, the rehabilitation of prisoners or

30   institutional security.

20020S1421B2382                              - 5 -

1   Section 6.  Applicability.

2       (a)   General rule.--This act shall apply to any State or

3   local law or ordinance and the implementation of that law or

4   ordinance, whether statutory or otherwise, and whether adopted

5   or effective prior to or after the effective date of this act.

6   Any law enacted by the General Assembly after the effective date

7   of this act shall be subject to this act unless the General

8   Assembly expressly excludes that law from this act by specific

9   reference to this act. THIS ACT SHALL NOT APPLY TO ACTIONS OF        <—

10  THE COURTS OF THIS COMMONWEALTH OR TO ANY RULES OF PROCEDURE OR

11  TO COMMON LAW ADOPTED BY THE COURTS OF THIS COMMONWEALTH.

12      (b)   Exceptions.--Notwithstanding subsection (a), and subject

13  to existing religious exceptions, this act shall not apply to

14  any of the following:

15          (1)   Any criminal offense under 18 Pa.C.S. (relating to

16      crimes and offenses) or under the act of April 14, 1972

17      (P.L.233, No.64), known as The Controlled Substance, Drug,

18      Device and Cosmetic Act, which is graded as a felony or a

19      misdemeanor.

20          (2)   Any provision of 75 Pa.C.S. (relating to vehicles)

21      which does any of the following:

22              (i)   Requires the licensing of motor vehicle

23          operators.

24              (ii)   Requires the registration of motor vehicles.

25              (iii)   Requires financial responsibility for motor

26          vehicle accidents.

27              (iv)   Protects the public from the unsafe operation

28          of motor vehicles or from dangerous conditions on the

29          highways.

30          (3)   Any provision of law which requires physicians or

20020S1421B2382                      - 6 -

1    professional nurses to be properly licensed in order to

2    practice their profession.

3          (4)  Any provision of the act of June 13, 1967 (P.L.31,

4    No.21), known as the Public Welfare Code, which prevents the

5    endangerment of the health or safety of individuals in

6    facilities which are licensed or supervised under the Public

7    Welfare Code.

8          (5)  Any provision of the act of July 19, 1979 (P.L.130,

9    No.48), known as the Health Care Facilities Act, which

10    requires the safe construction or operation of licensed

11    health care facilities.

12          (6)  Any provision of the act of November 10, 1999

13    (P.L.491, No.45), known as the Pennsylvania Construction Code

14    Act, which prevents the endangerment of health and safety.

15          (7)  Any provision of law which requires the reporting of

16    abuse.

17  Section 7.  Construction.

18    Nothing in this act shall be construed to authorize any

19  government to prohibit or penalize the holding of any religious

20  belief, or to take any action contrary to the Constitution of

21  the United States or the Constitution of Pennsylvania. Nothing

22  in this act shall be construed to require a religiously

23  affiliated health care facility to provide, allow, participate

24  in or refer for health care services which are contrary to the

25  religious beliefs or practices of the facility; PROVIDED THAT    <—

26  THE FACILITY SHALL PROVIDE NOTICE TO ITS PATIENTS OF ITS

27  POLICIES REGARDING THOSE HEALTH CARE SERVICES.

28  Section 8.  Effective date.

29    This act shall take effect immediately.

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70170190000053868269

Remove ✕

Your item was delivered to an individual at the address at 2:15 pm on March 12, 2019 in PHILADELPHIA, PA 19106.

### ✅ Delivered

March 12, 2019 at 2:15 pm
Delivered, Left with Individual
PHILADELPHIA, PA 19106

**Get Updates** ⌄

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature ✗ [signature] ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to: *Clerk of Court ED Pa James Bryne U S Courthouse Room 2609 601 market st Philadelphia Pennsylvania* | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖ barcode ‖‖‖‖‖<br>9590 9402 4303 8190 6749 71 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7017 0190 0000 5386 8269 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

### Text & Email Updates

### Tracking History

**March 12, 2019, 2:15 pm**
Delivered, Left with Individual
PHILADELPHIA, PA 19106
Your item was delivered to an individual at the address at 2:15 pm on March 12, 2019 in PHILADELPHIA, PA 19106.

**March 12, 2019**
In Transit to Next Facility

**March 9, 2019, 10:55 am**
Arrived at USPS Regional Facility
PHILADELPHIA PA DISTRIBUTION CENTER

*Annexed 123*

1/3

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70170190000053868351

Remove ✕

**Expected Delivery by**

## MONDAY

# 11
MARCH
2019 ⓘ

by

**8:00pm** ⓘ

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: *Miller David dba David Miller in his official Capacity as District Justice 02-01-02 2205 Oregon pike Lancaster Pennsylvania 17601*

║█║▌█║▌║█║║█║▌█║▌║█║▌║█║║▌█║
9590 9402 4303 8190 6749 64

2. Article Number *(Transfer from service label)*
7017 0190 0000 5386 8351

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *Claudia A. Elliott*    ☐ Agent  ☐ Addres
B. Received by *(Printed Name)*    C. Date of Deliv
*Claudia A. Elliott*    3/11
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express
☐ Registered Mail™
☐ Registered Mail Re Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirma
☐ Signature Confirma Restricted Delivery

Domestic Return Re

## ✓ Delivered

March 11, 2019 at 12:11 pm
Delivered, Left with Individual
LANCASTER, PA 17601

**Get Updates** ⌄

---

**Text & Email Updates**    ⌄

---

**Tracking History**    ⌃

**March 11, 2019, 12:11 pm**
Delivered, Left with Individual
LANCASTER, PA 17601
Your item was delivered to an individual at the address at 12:11 pm on March 11, 2019 in LANCASTER, PA 17601.

**March 10, 2019, 2:11 pm**
Departed USPS Regional Facility
HARRISBURG PA DISTRIBUTION CENTER

March 10, 2019
In Transit to Next Facility


March 8, 2019, 10:30 pm
Arrived at USPS Regional Facility
HARRISBURG PA DISTRIBUTION CENTER


March 8, 2019, 5:00 pm
Departed Post Office
LANCASTER, PA 17601


March 8, 2019, 12:33 pm
USPS in possession of item
LANCASTER, PA 17601


---

**Product Information**                                      ⌄   Feedback

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.


**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: _Clerk of Court_
   _E D Pa_
   _James Bryne U, S Courthouse_
   _601 market St_
   _Room 2609_
   _Philadelphia Pennsylvania_

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4303 8190 6749 71

2. Article Number (Transfer from service label)
   7017 0190 0000 5386 8269

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: _Miller David tho-_
   _David Miller in his official_
   _Capacity as District Justice_
   _02-01-02_
   _2205 OREGON pike_
   _Lancaster Pennsylvania 17601_

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 4303 8190 6749 64

2. Article Number (Transfer from service label)
   7017 0190 0000 5386 8351

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Claudia Elliott_
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
_Claudia A. Elliott_                   3/11

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

30 Jumada II 1439 MCY
March 7, 2019 CCY

## NOTICE OF AFFIDAVIT REMOVAL TO FEDERAL COURT PURSUIANT TO TITLE 28 § 1441 (C)(A)(1) JOINDER OF RELATED CASED AND TITLE 28 § 1331 FEDERAL QUESTIONS

Exhibit
Certificate of Service

Clerk of Court ED Pa
James A. Bryne U.S Courthouse
Room 2609
601 Market Street
Philadelphia, Pennsylvania 19106

It is Hereby Certified that service of the foregoing, **NOTICE OF AFFIDAVIT REMOVAL TO FEDERAL COURT PURSUIANT TO TITLE 28 § 1441 (C )(A)(1) JOINDER RELATED CASE AND TITLE 28 § 1331 FEDERAL QUESTIONS CONSTITUTION, LAWS AND TREATIES** has been made upon the following address by depositing a copy in the United States Republic by way of First Class Certified Mail, Return Receipt , Article Numbers: **70170190000053868313 / 9590 9402 4303 8190 6749 71** U S A. 7th day of March , 1439 M.C. (2019 C.C.Y.) addressed to:

David Miller in his official capacity as District Justice
020102
2205 Oregon Pike
Lancaster Pennsylvania Commonwealth 17601-4606

17601-4606RE: **70170190000053868351 / 9590 9402 4303 8190 6749 64**

*Holy Seal.*

Noble Drew Ali Disciple in trust , Sheik C. Barnes Bey Grand Governor,
heirs and successors, an Executive Ruler of the Grand Body, Consul
Ordained Divine Minister.

*Annexed : F*

30 Jumada II 1439 MCY
March 7, 2019 CCY

## NOTICE OF AFFIDAVIT REMOVAL TO FEDERAL COURT PURSUIANT TO TITLE 28 § 1441 (C)(A)(1) JOINDER OF RELATED CASED AND TITLE 28 § 1331 FEDERAL QUESTIONS

Exhibit
Certificate of Service

David Miller in his official capacity as District Justice
020:02
2205 Oregon Pike
Lancaster Pennsylvania Commonwealth
17601-4606

It is Hereby Certified that service of the foregoing, **NOTICE OF AFFIDAVIT REMOVAL TO FEDERAL COURT PURSUIANT TO TITLE 28 § 1441 (C )(A)(1) JOINDER RELATED CASE AND TITLE 28 § 1331 FEDERAL QUESTIONS CONSTITUTION, LAWS AND TREATIES** has been made upon the following address by depositing a copy in the United States Republic by way of First Class Certified Mail, Return Receipt , Article Numbers: **70170190000053868351 / 9590 9402 4303 8190 6749 64** U.S.A. 7th day of March , 1439 M.C. (2019 C.C.Y.) addressed to:

Clerk of Court ED Pa
James A. Bryne U.S Courthouse
Room 2609
601 Market Street
Philadelphia, Pennsylvania 19106

RE: **70170190000053868313 / 9590 9402 4303 8190 6749 71**

*Holy Seal.*

Noble Drew Ali Disciple in trust, Sheik C. Barnes Bey Grand Governor, O.D. Minister
heirs and successors, an Executive Ruler of the Grand Body, Consul
Ordained Divine Minister.