IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Noble Drew Ali, et.al. | : | |
|     Plaintiffs | : | No. 5:18-cv-5655 |
| | : | (Complaint filed 1/14/19) |
| v. | : | |
| | : | (Honorable Joseph F. Leeson, Jr.) |
| Mary Mongiovi Sponugle, et.al., | : | |
|     Defendants | : | (electronically filed) |
| | : | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS MARK SHIVERS (OFFICIAL CAPCITY), OFFICER SNYDER (OFFICIAL CAPACITY), AND TOM RUDZINSKI, CHIEF OF MANHEIM TOWNSHIP POLICE DEPARTMENT**

Respectfully submitted,

**Lavery Law**

By: /s Frank L. Lavery, Jr.
    Frank J. Lavery, Jr. , Esquire
    225 Market Street, Suite 304
    P.O. Box 1245

DATE:  April 29, 2019
    Harrisburg, PA 17108-1245
    (717) 233-6633 (telephone)
    (717) 233-7003 (facsimile)
    Atty No. PA42370
    flavery@laverylaw.com
    Attys for Defendants Shivers, Snyder and Rudzinski, only

1

**I.     Statement of the Case:**

    **A.  Procedural history:**

Plaintiffs filed their initial complaint in this matter on December 31, 2018. (Doc. 1) On February 15, 2019, Plaintiffs filed an amended complaint. (Doc. 4). Plaintiffs filed yet another "amended complaint" on April 18, 2019 that raises claims completely unrelated to their previous filings. (Doc. 28). For reasons explained below, this motion addresses Plaintiffs' amended complaint. (Doc. 4).

    **B.  Facts alleged in complaint:**

It is difficult to derive specific factual allegations from Plaintiffs' erratically pled amended complaint. The complaint's primary grievances appear to be that application of various ordinary laws to adherents of the Moorish American Moslem religion is unlawful because 1) the "Moorish American Moslems" are a separate nation not subject to the laws of the United States, and 2) application of these laws violates their rights under the First Amendment Free Exercise Clause and the Religious Freedom Restoration Act.[1] In the words of the amended complaint, "defendants have violated our inalienable rights by compulsion of spurious demands of drivers [sic] license, passports, wage garnishments, liens on property and many other statutes and codes that have led to the loss of herediments corpal [sic] and incorporeal." (Doc. 4 at 7).

**II.    Issues presented:**

Should the Second Amended Complaint (Doc. 28) be stricken, leaving the amended complaint (Doc. 4) as the operative complaint in this matter?

---

[1] Plaintiffs see no inconsistency between these positions, arguing simultaneously that "[a]s Moorish American Moslems heirs and successors we have: our own free national government, bearing our own free national constitution, our own flag, customs, Free National Name and Principles," while simultaneously invoking their "rights as Private True American citizens." (Doc. 4 at 5, 8)

Is Plaintiffs' complaint so disorganized and imprecise that it fails to provide "a short and plain statement of the claim" as required by Fed. R. Civ. P. 8(a)(2)? **Yes.**

Do Plaintiffs "Noble Drew Ali" and the "Moorish Science Temple of America" have standing to sue for alleged violations of Plaintiff Barnes-Bey's rights? **No.**

Does Plaintiff Sheik Barnes-Bey have standing to sue on behalf of the other Plaintiffs? **No.**

Do Plaintiffs state viable substantive claims? **No.**

Should Plaintiffs' official capacity claims be construed as municipal claims? **Yes.**

Do Plaintiffs state viable municipal liability claims under 42 U.S.C. § 1983? **No.**

### III.     Summary of Argument:

Plaintiffs proffer a largely indecipherable complaint that is wholly without merit. Dismissal is warranted because: **1)** the complaint fails the concise pleading requirements of Fed. R. Civ. P. 8, **2)** Plaintiffs lack standing to sue, **3)** the complaint alleges no personal involvement by any Defendant, and **4)** the legal claims that can be gleaned from the amended complaint are meritless.

### IV.     Argument:

#### A. **Plaintiff's first amended complaint should be treated as the operative complaint.**

Though Plaintiffs filed a "second amended complaint" (Doc. 28) on April 18, 2019, that complaint should be stricken because Plaintiffs did not request leave to file it.  Fed. R. Civ. Pro.

15 only provides for one opportunity to amend without leave of court. Accordingly, Plaintiff's Second Amended Complaint should be stricken, and the February 15, 2019 complaint (Doc. 4) should be treated as the operative complaint in this case.

### B. **Plaintiffs' amended complaint is essentially nonsense.**

Plaintiffs' amended complaint (Doc. 4) is a hodgepodge of schizophrenic, obscure factual allegations mixed with quasi-legal argumentation based on international treaties and purported scripture from the Qur'an. It is technically possible to sift through this morass in an effort to glean cognizable legal claims, but this Court is not required to do so. Many Courts have dismissed complaints like Plaintiffs' based on their failure to comply with Fed. R. Civ. P. 8(a)(2), which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Marrakush Soc'y v. N.J. State Police*, 2009 U.S. Dist. LEXIS 68057, *117 (D.N.J. 2009) ("the Plaintiffs' pleadings, infused with actual and distorted Arabic terms, Hijri calendar, mile-long geographic designations composed out of Earth coordinates, sea levels and imaginary principalities, made-up terms and distorted English words fail to meet the requirements of Rule 8"); *Burks v. City of Phila.*, 904 F. Supp. 421, 424 (E.D. Pa. 1995) ("[r]ather than presenting a 'short and plain statement' that summarizes the general nature of the claim… the complaint reads more like a novel than the legal pleading it purports to be"); *Aaron v. Bob Evans Rest.*, 477 F. Supp. 2d 853, 855 (N.D. Ohio 2007) (dismissing pro se complaint for failure to comply with Fed. R. Civ. P. 8(a), when complaint alleged "mind manipulation by friends of management… loud noises trying to delute [sic] my ability to adapt… and sodomize my mind and body"); *Miller v. Blanchard*, 2019 U.S. Dist. LEXIS 39936, *3 (E.D. Pa. 2019) (dismissing complaint that "jumps from topic to topic in an incoherent manner and

includes extensive discussion about issues that are irrelevant to what the lawsuit seems to be about").

As this Court said in *Miller*, "Rule 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." 2019 U.S. Dist. LEXIS 39936 at *1-2. Plaintiffs' complaint does not provide information clear enough to accomplish either of these purposes. It rambles on about how the "fictitious organizations" of Pennsylvania local governments are attempting to subject Moorish American Moslems to the "copulation regime" of the European colonial powers. (Doc. 4 at 7). For legal argument, the complaint offers statements like this:

> [Defendants] persistently deprive the Moorish Americans of their inalienable rights under deprivation of rights and color of law, abrogation of the American Constitution, abrogation of the Peace and Friendship Treat Articles 20 and 21 (Vessels of the Moroccan Empire noble Drew Ali the Moorish Prince, Heirs and Successors), Violation of Heads of state Vienna Conference.

Id. A pleading like this fails to apprise Defendants or the Court what the case is about and how to prepare for its prosecution. This Court should recognize Plaintiffs' complaint for what it is—a jumbled assortment of fantastical claims with zero legal merit—and dismiss it accordingly.

### C. The "Noble Drew Ali" lacks capacity to sue.

It can be gathered from Plaintiffs' amended complaint that "Noble Drew Ali" is the prophet of the Moorish American Moslem faith. (Doc. 4 at 5). A historical religious figure is not an entity with a capacity to sue for civil rights violations. As the District Court for the District of New Jersey stated in a similarly bizarre case, "[i]t is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. [The plaintiff cannot be deemed

5

existing if it] is neither a natural or artificial person, but is merely a name." *Marrakush*, 2009 U.S. Dist. LEXIS 68057 at *96.  Not only does Noble Drew Ali lack a concrete existence at law—Plaintiffs' complaint does not allege any Defendants inflicted personal harm upon Ali.  As such, Noble Drew Ali lacks standing to sue in this matter.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (to establish standing, a plaintiff must show a "concrete and particularized… injury in fact").

Additionally, to the extent Noble Drew Ali intends to bring claims on behalf of other parties, he lacks standing to do so as a pro se litigant.  *See Gunn v. Credit Suisse Grp., AG,* 610 Fed. Appx. 155, 157 (3d Cir. 2015) (non-precedential opinion) ("the federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity'") (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008).

### D. The Moorish Science Temple lacks standing to sue.

Similar to Noble Drew Ali, Plaintiffs' amended complaint contains no allegations of specific, individualized harm to the Moorish Science Temple.  This strips the Temple of standing to sue.  *Lujan*, 504 U.S. at 560.

To the extent the Moorish Science Temple seeks to assert *jus tertii* or "next friend" standing to sue on behalf of Barnes-Bey, it cannot do so.  "Next friend" standing is only available if the party seeking to sue on another's behalf can "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *DeVetsco v. Horn (In re Zettlemoyer)*, 53 F.3d 24, 27 (3d Cir. 1995) (citing *Whitmore v. Arkansas*, 495 U.S. 149 (1990)).  Obviously,

the real party in interest here—Plaintiff Barnes-Bey—is fully competent to litigate his own cause of action because he is a plaintiff in this suit. Thus, the Moorish Science Temple lacks standing to sue in this matter, as "next friend" or otherwise.

Additionally, to the extent the Moorish Science Temple intends to bring claims on behalf of other parties, it lacks standing to do so as a pro se litigant. *See Gunn v. Credit Suisse Grp., AG,* 610 Fed. Appx. 155, 157 (3d Cir. 2015) (non-precedential opinion) ("the federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity'") (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)).

### E.  **Plaintiff Barnes-Bey cannot sue on behalf of the other Plaintiffs.**

Like the other Plaintiffs, Plaintiff Sheik Barnes-Bey is a pro se litigant and cannot sue on behalf of others. *Gunn*, 610 Fed. Appx. at 157. To the extent he brings claims on behalf of Plaintiffs Noble Drew Ali and the Moorish Science Temple, those claims should be dismissed. Furthermore, Barnes-Bey cannot represent the other Plaintiffs because entities must be represented by counsel. *Simbraw, Inc. v. U.S.*, 367 F.2d 373, 374 (3d Cir. 1966) ("the rule is well established that a corporation can appear in a court of record only by an attorney at law").

### F.  **Plaintiffs' amended complaint alleges no conduct by Moving Defendants.**

Plaintiffs' amended complaint is long on generalities and short on specific allegations against particular defendants. The complaint alleges no specific conduct whatsoever by Moving Defendants. This is fatal to Plaintiffs' attempt to bring civil rights claims against these Defendants, as Plaintiffs must show personal involvement in their alleged harm by every named Defendant. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil

rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"); *Charvarriage v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (a plaintiff must "portray specific conduct by officials which violates some constitutional right").

### G. **Plaintiffs cannot bring RFRA claims against local government actors.**

Plaintiffs purport to sue under the Religious Freedom Restoration Act ("RFRA"). RFRA was declared unconstitutional as applied to state and local governments by *City of Boerne v. Flores*, 521 U.S. 507 (1997). *See also Mitchell v. Cicchi*, 2014 U.S. Dist. LEXIS 28738, *1 n.1 (D.N.J. 2014) ("[t]he Supreme Court has found that the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, is unconstitutional as applied to state and local governments because it exceeded Congress' power under § 5 of the Fourteenth Amendment"). Moving Defendants are all municipal entities or actors, making Plaintiffs' RFRA claims against them defunct.

### H. **Plaintiffs' free exercise claim fails.**

Under the Supreme Court's decision in *Emp't Div. v. Smith*, the Free Exercise clause does not bar the application of a religiously neutral, generally applicable law, unless that law is enforced in a discriminatory fashion against a religious group. 494 U.S. 872, 878-79 (1990) ("an individual's religious beliefs [do not] excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate"); *see also Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 165-66 (3d Cir. 2002). Plaintiffs have alleged nothing more than that the laws providing for "drivers license, passports, wage garnishments, liens on property and many other statutes and codes" were enforced against their members. They do not allege that these

laws facially target their religion or that they were enforced in a discriminatory fashion.  As such, Plaintiffs proffer a clearly deficient Free Exercise claim that should be dismissed.

### I. **Plaintiffs' "official capacity" claims are municipal claims.**

Plaintiffs bring claims against Moving Defendants in their official capacities.  *See* (Doc. 4 at 10-11) (naming Defendants).  As the Supreme Court has held, official capacity suits are just a roundabout way of suing the municipality directly.  *Brandon v. Holt*, 469 U.S. 464, 472 n. 21 (1985).  Therefore, the official capacity claims should be considered as a municipal claim against Manheim Township.

### J. **Plaintiffs' municipal claims fail.**

Plaintiffs' amended complaint is wholly devoid of the factual content necessary to state a municipal liability claim under § 1983.  To establish municipal liability, Plaintiff must show that Manheim Township caused the alleged violation through a policy or custom of its own.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  A custom exists where "practices of state officials ... [are] so permanent and well settled as to constitute a custom or usage with the force of law."  *Id.* at 691.  Plaintiff must also show that adherence to the identified policy or custom amounted to "deliberate indifference" to citizens' constitutional rights.  *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996).  In this context, "deliberate indifference" requires a showing that adoption of the policy or custom reflected a "conscious disregard" of a known or obvious risk of constitutional violations.  *Bd. of the Cnty. Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 411 (1997).  Making this showing is no easy task and generally requires proof of repeated, prior violations that are similar to the one alleged in the case at hand:

> If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish **the conscious disregard for the consequences of their action -- the 'deliberate indifference' -- necessary to trigger municipal liability.**

*Id.* (emphasis added)  In addition to these elements, Plaintiff must demonstrate a "direct causal link between the municipal action and the deprivation of federal rights." *Id.* at 404.

Plaintiffs' disordered complaint contains no allegations relevant to these elements.  There is no attempt to identify a specific policy or custom that caused Plaintiffs' harms, no effort to show deliberate indifference through a pattern of prior constitutional violations, and no facts relevant to causation between an identified policy and Plaintiffs' alleged harm.  As such, Plaintiffs' municipal liability claims are deficient and should be dismissed.

**V.      Conclusion:**

For the reasons stated above, this Court should dismiss Plaintiffs' complaint with prejudice.

                                    Respectfully submitted,

                                    **Lavery Law**

                                    By: /s Frank L. Lavery, Jr.
                                           Frank J. Lavery, Jr. , Esquire
                                           Atty No. PA 42370
                                           Joshua M. Autry, Esquire
                                           Atty No. PA 208459
                                           225 Market Street, Suite 304
                                           P.O. Box 1245
DATE:  April 29, 2019              Harrisburg, PA 17108-1245
                                           (717) 233-6633 (telephone)
                                           (717) 233-7003 (facsimile)
                                           flavery@laverylaw.com
                                           Attys for Defendants Shivers, Snyder and Rudzinski, only