## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOBLE DREW ALI *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO.  5:18-cv-5655 |
| v. | : | |
| | : | |
| JUDGE MARY MONGIOVI SPONAUGLE *et al.* | : | |
| | : | |
| *Defendants* | : | **ELECTRONICALLY FILED** |

## ORDER

**AND NOW** this _____ day of _____, 2019, upon consideration of the Motion to Dismiss Plaintiffs' Second Amended Complaint filed on behalf of Defendants, Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller, and any responses thereto, it is **ORDERED** and **DECREED** that the Motion is hereby **GRANTED**.

It is further **ORDERED** and **DECREED** that Plaintiff's Second Amended Complaint is hereby **DISMISSED** as to said Defendants, with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOBLE DREW ALI *et al.* | : | CIVIL ACTION |
| | : | |
| *Plaintiffs* | : | |
| | : | NO.  5:18-cv-5655 |
| v. | : | |
| | : | |
| | : | |
| JUDGE MARY MONGIOVI SPONAUGLE *et al.* | : | |
| | : | |
| | : | |
| *Defendants* | : | **ELECTRONICALLY FILED** |

**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FILED ON BEHALF OF DEFENDANTS, MAGISTERIAL DISTRICT JUDGE MARY MONGIOVI SPONAUGLE, HONORABLE HOWARD KNISELY AND <u>MAGISTERIAL DISTRICT JUDGE DAVID MILLER</u>**

  **NOW COME** Defendants, Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller, by undersigned counsel, and file this Motion to Dismiss Plaintiffs' Second Amended Complaint and in support thereof aver as follows:

  1. Plaintiffs Noble Drew Ali, Moorish Science Temple of America and Sheik C. Barnes Bey have filed suit against, *inter alia*, Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller ("Judicial Defendants"), all of whom are presiding judicial officers of the Lancaster County Court of Common Pleas.

  2. Plaintiffs have filed a Second Amended Complaint which contains sweeping generalizations and non-specific legal conclusions as to violations of their constitutional rights without any factual allegations or substance in support.

  3. Plaintiffs' Second Amended Complaint is devoid of allegations that pertain to Judicial Defendants.

4. Under the circumstances, Plaintiffs have failed to state a claim upon which relief can be granted.

5. Further, Plaintiffs' Complaint is properly dismissed as barred by Eleventh Amendment and absolute judicial immunity and the fact that the Courts over which Judicial Defendants preside are not "persons" under the civil rights enabling statute, 42 U.S.C. §1983.

**WHEREFORE** Defendants, Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller, respectfully request that this Honorable Court dismiss Plaintiffs' Second Amended Complaint as against them, with prejudice.

Respectfully submitted,

**s/ Martha Gale**
MARTHA GALE, ESQUIRE
Attorney I.D. No. PA 22190
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486
*Attorney for Defendants, Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOBLE DREW ALI *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 5:18-cv-5655 |
| v. | : | |
| | : | |
| JUDGE MARY MONGIOVI SPONUGLE *et al.* | : | |
| | : | |
| *Defendants* | : | **ELECTRONICALLY FILED** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FILED ON BEHALF OF DEFENDANTS, MAGISTERIAL DISTRICT JUDGE MARY MONGIOVI SPONAUGLE, HONORABLE HOWARD KNISELY AND <u>MAGISTERIAL DISTRICT JUDGE DAVID MILLER</u>**

**I.     INTRODUCTION**

Plaintiffs Noble Drew Ali, Moorish Science Temple of America and Sheik C. Barnes Bey have filed suit against, *inter alia*, Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller ("Judicial Defendants"), all of whom are presiding judicial officers of the Lancaster County Court of Common Pleas.

Plaintiffs have filed a Second Amended Complaint which contains sweeping generalizations and non-specific legal conclusions as to violations of their constitutional rights, without any factual allegations or substance in support. Their pleading is devoid of allegations that pertain to Judicial Defendants. Under the circumstances, they have failed to state a claim upon which relief can be granted. For this and the other reasons set forth below, Judicial

Defendants file this Motion to Dismiss Plaintiffs' Second Amended Complaint as to them on the grounds set forth below.

## II. LEGAL ARGUMENT

### A. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The vague, general allegations of Plaintiffs' Second Amended Complaint fail to set forth a legally cognizable claim upon which relief can be granted, or factual substance from which to discern any viable claim over which jurisdiction could be exercised. Federal Rule of Civil Procedure 8(a), which governs the standard for pleading a claim for relief, requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 6780 (2009)(explaining that a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" quoting *Twombly* at 557.

To comply with Fed. R.Civ.P. 8, a complaint must contain sufficient factual allegations on its face to state a claim for relief. *Ashcroft v. Iqbal, supra*. A claim has facial plausibility when the plaintiff pleads factual content that allows a Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Bell Atlantic v. Twombly, supra*. at 556; *Lopez v. Beard*, 333 Fed. Appx. 685, 687 (3d Cir. 2009). If the facts pleaded do not allow a Court to infer more than the mere possibility of misconduct, the complaint has failed to show that the plaintiff is entitled to relief. *Id*. Mere "threadbare recitals" of the elements of a cause of action supported by conclusory allegations are insufficient. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)

The plausibility standard is akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Twombly*, 550 U.S. at 557.

Here, even if Judicial Defendants were not protected by immunity as set forth below, Plaintiffs' Complaint is inadequate, as their allegations are incomplete, general and vague, and fail to put Defendants on notice of the charges against which they must defend.  They fail to plead factual content that would allow the Court to draw the reasonable inference that Judicial Defendants are liable to them for any misconduct, or that their constitutional rights have somehow been violated.  See *Silverstein v. Percudani*, 207 Fed. Appx. 228, 239-40 (3d Cir. 2006); *In re Adolor Corp. Securities Litigation*, 616 F. Supp. 551, 564 (E.D. Pa. 2009).

Plaintiffs' Complaint is not sufficient to meet the requisite pleading standards, and fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R.Civ.P. 8(a)(2).  Dismissal is appropriate, *Baur v. Wertheimer*, 527 Fed. Appx. 99 (3d Cir. 2013), and amendment would be futile in light of the legal defenses set forth herein.

> B.   **ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFFS' CLAIMS AGAINST JUDICIAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES**

Judge Knisely is a judge of the Lancaster County Court of Common Pleas, and Judges Sponaugle and Miller are presiding judicial officers of Lancaster County Magisterial District Courts 02-2-03 and 02-1-02, all of which are entities of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. 301(4) and 9).  As such, under the law in this Commonwealth, they are fully entitled to the protection from suit in federal Court afforded by the Eleventh Amendment to the United States Constitution, which provides immunity to all states and state entities.  *Lombardo v. Pennsylvania*, 540 F.3d 190. 194-95 (3rd Cir. 2008).

A suit against a state official in his or her official capacity is deemed a suit against the state.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  When a state official is sued in an official

capacity, the United States Supreme Court has held that the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Plaintiffs' official capacity suit against Judicial Defendants, therefore, is in actuality a suit against the Lancaster County Courts over which they preside, state entities entitled to Eleventh Amendment immunity.

Pennsylvania judges in their official capacities are immune from suit under the Eleventh Amendment. See *Figueroa v. Blackburn*, 208 F.3d 435 (3rd Cir. 2000)(holding that all judges of general and limited jurisdiction are immune from suit.) Judges are immune from suit if they perform functions normally performed by judges and if the parties have dealt with the judge in his or her judicial capacity. *Gallas v. Supreme Court*, 211 F.3d 760, 770 (3rd Cir. 2000)

The Pennsylvania Constitution identifies all state courts as part of the Commonwealth of Pennsylvania. Pa. Const. Art. V §§ 1, 5, 6(c), 10(a). The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system" and the term "court" includes "any one or more of the judges of the court…" 42 Pa. C.S. 102. See also *Benn v. First Judicial District*, 426 F.3d 233, 239-40 (3rd Cir. 2005); *Callahan v. City of Philadelphia*, 207 F3d 668, 672 (3d Cir. 2000)

Immunity clearly extends to the Pennsylvania Court system. In *Benn v. First Judicial District*, *supra*., citing *Pennhurst State School v. Haldeman*, 465 U.S. 89, 100 (1984) and *Hans v. Louisiana*, 134 U.S. 1 (1890), the Third Circuit Court of Appeals definitively ruled that Pennsylvania's Court entities constitute Commonwealth entities entitled to federal Eleventh Amendment immunity. See also *Chilcott v. Erie Co. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008).

1 Pa. C.S. §2310 provides that "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity

and remain immune from suit except as the General Assembly shall specifically waive the immunity."  See also 42 Pa. C.S. § 8521)(b)("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States").

Absent a state's consent to be sued, all states and state entities are entitled to immunity under the Eleventh Amendment.  See *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008).  Pennsylvania has not waived its Eleventh Amendment immunity.  *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3rd Cir. 1981).  For this reason, state entities of the Commonwealth are not subject to the waiver exception to sovereign immunity, but are entitled to full protection under the Eleventh Amendment.

Here, it appears that Plaintiffs challenge Judicial Defendants' judgments, rulings and decisions with which they disagree.  Under the circumstances, Judicial Defendants are entitled to Eleventh Amendment immunity.

## C. THE COURTS OVER WHICH JUDICIAL DEFENDANTS PRESIDE ARE NOT "PERSONS" SUBJECT TO SUIT UNDER 42 U.S.C. §1983.

A claim under the civil rights enabling statute, 42 U.S.C. §1983, must allege that a "person" committed a violation, and it is well settled that a state defendant sued in an official capacity is not "a person" under Section 1983 and cannot be held liable for damages.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 63 (1989).  This is true because, as set forth above, when a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Also as discussed above, the Courts over which Judicial Defendants preside are part of the Unified Judicial System of Pennsylvania, and as such, state entities which are not "persons" under Section 1983 and cannot be sued under that statute.  See *Callahan v. City of Philadelphia*,

207 F.3d 668, 672 (3d Cir. 2000), in which the Third Circuit Court of Appeals held that the Warrant Division and Eviction Unit of the Court of Common Pleas and the Municipal Court Eviction Unit of the First Judicial District are state government entities which did not constitute "persons" under 42 U.S.C. §1983.

Since the Courts over which Judicial Defendants preside are not "persons" under Section 1983, Plaintiffs are precluded from maintaining their alleged constitutional claims against them in their official capacities.

> D.   **JUDICIAL DEFENDANTS, IN THEIR INDIVIDUAL CAPACITIES, ARE IMMUNE FROM SUIT PURSUANT TO THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY**

Judges are immune from liability for all acts taken in their judicial capacity, and are not civilly liable for judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity is not only immunity from damages, but also immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (U.S. 1991). A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356.

Judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal and ex parte" manner. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). Immunity will not be lost merely because the judge's action is "unfair" or controversial. *Id*. A judge is immune even if the acts were committed during an alleged conspiracy. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Its extent is so far-reaching that it protects a judge who convicts a defendant of a nonexistent crime. *Stump v. Sparkman*, 435 U.S. 349, 357 n. 7 (1978).

The doctrine of judicial immunity applies to Section 1983 civil rights claims. *Id.; Corliss v. O'Brien*, 2005 U.S. Dist. LEXIS 42333 (M.D. Pa. 2005), aff'd 200 Fed. Appx. 80 (3rd Cir.

2006).  Judges are immune from liability when the judge has jurisdiction over the subject matter; and s/he is performing a judicial act.  *Stump*, 435 U.S. at 356.  Magisterial District Judges are entitled to absolute judicial immunity, as there is no distinction between courts of limited jurisdiction and general jurisdiction with respect to judicial immunity.  *Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000); *Martin v. Bicking*, 30 F.Supp.2d 511,512 (E.D. Pa. 1998); *Blackwell v. Middletown Borough Police Department*, 2012 U.S. Dist. LEXIS 129838 (M.D. Pa. 2012)(absolute judicial immunity extends to magisterial district judges).

Whether an act is "judicial" depends on "whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  *Id*. at 362.  In this Commonwealth, the "courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."  42 Pa. C.S. 931(a).

It appears that Plaintiffs dealt with Judicial Defendants in their judicial capacities, which was the extent of the interaction.  Even if their rulings were in error or in excess of authority, which is denied, they were issued with appropriate jurisdiction and in the Judges' judicial capacity.  For this reason, absolute immunity attaches.  *Stump* at 356; *Azubuko v. Royal*, 443 F.3d 302, 303 (2006).

### III.  **CONCLUSION**

Defendants, Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller, respectfully request that this Honorable Court dismiss Plaintiffs' Second Amended Complaint as against them, with prejudice.

Any request on the part of Plaintiffs for leave to further amend their Complaint would be futile since the Court lacks subject-matter jurisdiction over their claims, and they cannot state a

claim upon which relief could be granted in light of Judicial Defendants' legal defenses set forth above.  See *Miklavic v. USAir, Inc.*, 21 F.3d 551, 557-58 (3d Cir. 1994); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

                    Respectfully submitted,

          **s/ Martha Gale**
          MARTHA GALE, ESQUIRE
          Attorney I.D. No. PA 22190
          Supreme Court of Pennsylvania
          Administrative Office of PA Courts
          1515 Market Street, Suite 1414
          Philadelphia, PA 19102
          legaldepartment@pacourts.us
          (215) 560-6300, Fax: (215) 560-5486
          *Attorney for Defendants, Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOBLE DREW ALI *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO.  5:18-cv-5655 |
| v. | : | |
| | : | |
| JUDGE MARY MONGIOVI SPONUGLE *et al.* | : | |
| | : | |
| *Defendants* | : | **ELECTRONICALLY FILED** |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 8, 2019, she personally caused to be served upon the following a true and correct copy of the foregoing *Motion to Dismiss Plaintiffs' Second Amended Complaint and Brief in Support of Motion*, by mailing same first class, postage pre-paid, U.S. mail to:

Noble Drew Ali
PO Box 8606
Lancaster, PA 17604

Morrish Science Temple of America
PO Box 8606
Lancaster, PA 17604

Sheik C. Barnes Bey
PO Box 8606
Lancaster, PA 17604

s/ Martha Gale
MARTHA GALE, ESQUIRE
Attorney I.D. No. PA 22190
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
(215) 560-6300, Fax: (215) 560-5486
*Attorney for Defendants, Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller*