IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOBLE DREW ALI A, MOORISH SCIENCE TEMPLE OF AMERICA AND SHEIK C. BARNES BEYs, : : : : Plaintiffs, : : v. : : MARY MONGIOVI, MARK SHIVERS, : HOWARD F. KNISELY, CRAIG W. : STEDMAN, CAITLIN BLAZIER, ALAN : BLANK, MOVELOOK, DAVID MILLER, : MARK J. WILSON, BRETT I. COLE, : TERI LANDON-MILLER, ANDY : WAGNER, SNYDER, TOM RUDZINSKI, : DAVID KILGORE, MARSHALL : RIEGER, DEZERAY DAVIS, STEVEN J. : GOLIGHTLY, DEPARTMENT OF : CHILD SUPPORT SERVICES, MICHAEL : WILKENING, NAKISHA DICKENS AND : SHERRI CARTER : : Defendants. : | CIVIL ACTION DOCKET NO. 18-05655 |

**ORDER**

**AND NOW**, this _____ day of _____, 2019 upon consideration of Plaintiffs' "Emergency Writ of Mandamus" (Doc. 39), "Notice of Emergency Injunction" (Doc. 40), and "Notice of Federal Removal" (Doc. 41), and the Response filed by Defendants Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark J. Wilson, Brett I. Cole, Teri Landon-Miller, and Andrew Wagner it is hereby ORDERED AND DECREED that Plaintiffs' Pleading is hereby DENIED.

_____
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NOBLE DREW ALI A, MOORISH SCIENCE TEMPLE OF AMERICA AND SHEIK C. BARNES BEYs, | : : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION : DOCKET NO. 18-05655 |
| | : |
| MARY MONGIOVI, MARK SHIVERS, HOWARD F. KNISELY, CRAIG W. STEDMAN, CAITLIN BLAZIER, ALAN BLANK, MOVELOOK, DAVID MILLER, MARK J. WILSON, BRETT I. COLE, TERI LANDON-MILLER, ANDY WAGNER, SNYDER, TOM RUDZINSKI, DAVID KILGORE, MARSHALL RIEGER, DEZERAY DAVIS, STEVEN J. GOLIGHTLY, DEPARTMENT OF CHILD SUPPORT SERVICES, MICHAEL WILKENING, NAKISHA DICKENS AND SHERRI CARTER | : : : : : : : : : : : : |
| Defendants. | : : |

**RESPONSE TO PLAINTIFFS' EMERGENCY WRIT OF MANDAMUS, NOTICE OF EMERGENCY INJUNCTION, AND NOTICE OF FEDERAL REMOVAL OF DEFENDANTS CRAIG W. STEDMAN, CAITLIN BLAZIER, ALAN BLANK, MARK J. WILSON, BRETT I. COLE, TERI LANDON-MILLER, AND ANDREW WAGNER**

NOW COME Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark J. Wilson, Brett I. Cole, Teri Landon-Miller, and Andrew Wagner, (collectively, "Defendants") by and through their attorneys, The MacMain Law Group, LLC, respectfully submit this Response to Plaintiffs' filings entitled Emergency Writ of Mandamus, Notice of Emergency Injunction, and Notice of Federal Removal and in support thereof aver as follows:

1. On or about December 31, 2018, *pro se* Plaintiffs initiated this purported civil rights action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania against twenty-one (21) defendants, including Defendants.

2. On February 15, 2019, Plaintiffs' filed an Amended Complaint against Defendants in which they appeared to assert certain violations of the First Amendment to the United States Constitution.

3. On March 18, 2019, Defendants filed a Motion to Dismiss Plaintiffs Amended Complaint.

4. On April 18, 2019, without seeking the parties' agreement or leave of Court, Plaintiffs filed a Second Amended Complaint.

5. On May 3, 2019, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint which is presently pending before the Court.

6. On May 15, 2019, without seeking the parties' agreement or leave of Court, Plaintiffs filed a Third Amended Complaint.

7. Defendants are currently preparing to file a Motion to Dismiss Plaintiffs' Third Amended Complaint.

8. The substance of Plaintiffs' claims appear to be that certain, unspecified Defendants have harmed Plaintiffs by identifying or docketing information concerning actions or offenses in which Plaintiffs are identified or names as parties.

9. None of the Defendants are mentioned in the entirety of the body of the Third Amended Complaint.

10. The Third Amended Complaint does not identify any claim for monetary damages against Defendants.

11. On April 18, 2019, Plaintiffs filed a Praecipe to Enter Writ of Emergency Mandamus Exhibits and Notice of Emergency Injunction Removal to Federal Court Pursuant to Title 24 1441, 1443 and 1446 to the Clerk of Courts ("Writ").

12. On April 26, 2019, Defendants filed their Response to Plaintiffs' Praecipe to Enter Writ of Emergency Mandamus and the matter is presently pending before this Court.

13. The Writ appeared to be an attempt by Plaintiffs to address issues arising out of a California State matter, docketed at 15 FL 02801, in connection with certain child custody issues ("California State Case").

14. On May 15, 2019, Plaintiffs filed three putative pleadings entitled "Emergency Writ of Mandamus" (Doc. 39), "Notice of Emergency Injunction" (Doc. 40), and "Notice of Federal Removal" (Doc. 41)("Second Writ, Removal and Joinder") to which Defendants now respond.

15. All three of the pleadings contain rambling, nonsensical allegations having nothing whatsoever to do with the allegations made in Plaintiffs' Third Amended Complaint and having nothing whatsoever to do with any Defendant.

16. The Second Writ, Removal and Joinder appear to be an attempt by Plaintiffs to address issues arising out of three (3) California State matters, identified by Plaintiffs as; (1) BY0766984; (2) BD129909; and (3) NF012997. ("Additional California State Cases").

17. Removal of a state court case to federal court is governed by 28 U.S.C. §1446, which provides in relevant part that removal of an action must be made by petition "within 30 days after receipt by the defendant, though service or otherwise, of a copy of the initial pleading." Further, "[t]he thirty-day limitation is mandatory and the court is without discretion to expand it." *Topfer v. Topfer*, 2018 U.S. Dist. LEXIS 208728, 7, n.5 (M.D.Pa. Dec. 10, 2018), citing, *DiLoreto*

*v. Costigan,* No. CIV.A. 08-0989, 2008 U.S. Dist. LEXIA 67070 (E.D.Pa. Aug. 29, 2008) citing, *Collins v. Am. Red Cross*, 724 F.Supp. 353, 359 (E.D.Pa. 1989).

18. Per Plaintiffs' Second Writ, the Additional California State Cases BY0766984 was filed in 2005; BD129909 was filed in 1994; (Plaintiffs do not identify a date for NF012997) thus removal is untimely pursuant to 28 U.S.C. §1446(b).

19. This Court lacks subject matter jurisdiction over Plaintiffs' Additional California State Case claims pursuant to the well-established *Rooker-Feldmen* Doctrine, which provides a four-part federal jurisdiction test: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments." *Topfer* at 10, citing. *Great E. Mining & Mineral Co. v. Fox Rothchild LLP*, 615 F.3d 159, 166 (3d Cir. 2018), citing, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed. 2d 454 (2005).

20. While Plaintiffs' numerous allegations are challenging to decipher, it is clear that all four parts of the *Rooker-Feldmen* analysis has been met and this Honorable Court lacks jurisdiction.

21. In the alternative, to the extent the Additional California State Cases are still on-going, Plaintiffs' writ is properly denied pursuant to the *Younger* abstention doctrine which is a "legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. *Fannie Mae v. Boldrini*, 2018 U.S.Dist. LEXIS 4519, 7 (M.D.Pa. January 9, 2018), citing *Younger v. Harris*, 401 U.S., 37, 41, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1971).

22.     Finally, as made certain by the Court of Appeal for the Third Circuit, " [a] federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." *Fannie Mae*, at 7-8, citing *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) citing *Younger*, at 37.

WHEREFORE, Defendants Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark J. Wilson, Brett I. Cole, Teri Landon-Miller, and Andrew Wagner respectfully request this Honorable Court deny Plaintiffs' "Emergency Writ of Mandamus", "Notice of Emergency Injunction" and "Notice of Federal Removal".

Respectfully submitted

**THE MACMAIN LAW GROUP, LLC**

Dated: <u>May 24, 2019</u>     By:     <u>/s/ David J. MacMain</u>
David J. MacMain
Attorney I.D. No. 59320
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorney for Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark Wilson, Brett I. Cole, Terri Landon-Miller and Andrew Wagner*

## **CERTIFICATE OF SERVICE**

I, David J. MacMain, Esquire, hereby certify that on this 24th day of May, 2019, a copy of the foregoing was served upon the following as indicated below:

**Via First Class Mail**
Noble Drew Ali
Moorish Science Temple of America
Sheik C. Barnes Bey
PO Box 8606
Lancaster, PA 17604
*Pro Se Plaintiff*

**Via E-Filing Notification**
Frank L. Lavery, Jr.
Joshua M. Autry
Lavery Law
225 Market Street, Suite 304
PO Box 1245
Harrisburg, PA 17108-1245
*Attorneys for Mark Shivers, Officer Snyder and Tom Rudzinski*

**Via E-Filing Notification**
Martha Gale
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102
*Attorney for Magisterial District Judge Mary Mongiovi Sponaugle,*
*Honorable Howard Knisely and Magisterial District Judge David Miller*

**THE MACMAIN LAW GROUP, LLC**

Dated: May 24, 2019        By:    */s/ David J. MacMain*
David J. MacMain
Attorney I.D. No. 59320
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorney for Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark Wilson, Brett I. Cole, Terri Landon-Miller and Andrew Wagner*