**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NOBLE DREW ALI A, MOORISH SCIENCE TEMPLE OF AMERICA AND SHEIK C. BARNES BEYs, | : : : : | |
| Plaintiffs, | : : | |
| | : | CIVIL ACTION |
| v. | : | DOCKET NO. 18-05655 |
| | : | |
| MARY MONGIOVI, MARK SHIVERS, HOWARD F. KNISELY, CRAIG W. STEDMAN, CAITLIN BLAZIER, ALAN BLANK, MOVELOOK, DAVID MILLER, MARK J. WILSON, BRETT I. COLE, TERI LANDON-MILLER, ANDY WAGNER, SNYDER, TOM RUDZINSKI, DAVID KILGORE, MARSHALL RIEGER, DEZERAY DAVIS, STEVEN J. GOLIGHTLY, DEPARTMENT OF CHILD SUPPORT SERVICES, MICHAEL WILKENING, NAKISHA DICKENS AND SHERRI CARTER | : : : : : : : : : : : : : : : : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2019 upon consideration

of Defendants Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark J. Wilson, Brett I. Cole,

Teri Landon-Miller, and Andrew Wagner's Motion to Dismiss Plaintiffs' Third Amended

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), 15, and Federal Rule

of Civil Procedure 8, and any response thereto, Defendants' Motion to Dismiss is hereby

GRANTED and Plaintiffs' Third Amended Complaint is DISMISSED WITH PREJUDICE.

It is further ORDERED, that Plaintiffs are ENJOINED from filing or causing to be filed any pleading, motion, or other paper against Moving Defendants without first obtaining leave of Court.

_____

Honorable Joseph F. Leeson, Jr,

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NOBLE DREW ALI A, MOORISH SCIENCE TEMPLE OF AMERICA AND SHEIK C. BARNES BEYs, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | DOCKET NO. 18-05655 |
| | : | |
| MARY MONGIOVI, MARK SHIVERS, HOWARD F. KNISELY, CRAIG W. STEDMAN, CAITLIN BLAZIER, ALAN BLANK, MOVELOOK, DAVID MILLER, MARK J. WILSON, BRETT I. COLE, TERI LANDON-MILLER, ANDY WAGNER, SNYDER, TOM RUDZINSKI, DAVID KILGORE, MARSHALL RIEGER, DEZERAY DAVIS, STEVEN J. GOLIGHTLY, DEPARTMENT OF CHILD SUPPORT SERVICES, MICHAEL WILKENING, NAKISHA DICKENS AND SHERRI CARTER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CRAIG W. STEDMAN, CAITLIN BLAZIER, ALAN BLANK,**
**MARK J. WILSON, BRETT I. COLE, TERI LANDON-MILLER,**
**AND ANDREW WAGNER'S MOTION TO DISMISS**
**PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark J. Wilson, Brett I. Cole, Teri Landon-Miller, and Andrew Wagner, (collectively, "Moving Defendants") by and through their attorneys, The MacMain Law Group, LLC, hereby move this Honorable Court pursuant to F.R.Civ.P. 8(a), 12(b)(1), 12(b)(6), and 15(a) for an Order dismissing all claims, *with prejudice,* asserted against them in Plaintiffs' Third Amended Complaint, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction; 12(b)(6) on the basis of Plaintiffs' failure to state a claim upon which relief may be granted; Rule 8 on the basis of Plaintiffs' failure to contain a

"short and plain statement of the claim showing that [they are] entitled to relief"; and for Rule 15 for failure to seek court approval to amend their pleading and for which amendment would be futile.

Additionally, Moving Defendants request the Court issue an order declaring Plaintiffs' vexatious litigants and barring them from filing additional pleadings, motions, or other paper against Moving Defendants without first obtaining leave of Court.

The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law, which are incorporated herein by reference as if set forth fully at length.

Respectfully Submitted,

**THE MACMAIN LAW GROUP, LLC**

Dated: <u>May 24, 2019</u>           By:    */s/ David J. MacMain*               
David J. MacMain
Attorney I.D. No. 59320
Laurie Ann Fiore
Attorney I.D. No. 81373
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorney for Defendants, Craig W. Stedman,*
*Caitlin Blazier, Alan Blank, Mark Wilson,*
*Brett I. Cole, Terri Landon-Miller and*
*Andrew Wagner*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NOBLE DREW ALI A, MOORISH | : | |
| SCIENCE TEMPLE OF AMERICA AND | : | |
| SHEIK C. BARNES BEYs, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | DOCKET NO. 18-05655 |
| | : | |
| MARY MONGIOVI, MARK SHIVERS, | : | |
| HOWARD F. KNISELY, CRAIG W. | : | |
| STEDMAN, CAITLIN BLAZIER, ALAN | : | |
| BLANK, MOVELOOK, DAVID MILLER, | : | |
| MARK J. WILSON, BRETT I. COLE, | : | |
| TERI LANDON-MILLER, ANDY | : | |
| WAGNER, SNYDER, TOM RUDZINSKI, | : | |
| DAVID KILGORE, MARSHALL | : | |
| RIEGER, DEZERAY DAVIS, STEVEN J. | : | |
| GOLIGHTLY, DEPARTMENT OF | : | |
| CHILD SUPPORT SERVICES, MICHAEL | : | |
| WILKENING, NAKISHA DICKENS AND | : | |
| SHERRI CARTER | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CRAIG W. STEDMAN,
CAITLIN BLAZIER, ALAN BLANK, MARK J. WILSON, BRETT I. COLE,
TERI LANDON-MILLER, AND ANDREW WAGNER'S
MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark J. Wilson, Brett I.

Cole,  Teri Landon-Miller, and Andrew Wagner, (collectively, "Moving Defendants") by and

through their attorneys, The MacMain Law Group, LLC, respectfully submit this Memorandum

of Law in Support of their Motion to Dismiss Plaintiffs' Third Amended Complaint Pursuant to

Rules 15, 12(b)(1), 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure.

Additionally, Moving Defendants request the Court issue an order declaring Plaintiffs' vexatious litigants and barring them from filing additional pleadings, motions, or other paper against Moving Defendants without first obtaining leave of Court.

## I.   PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

On or about December 31, 2018, *pro se* Plaintiffs initiated this purported civil rights action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania against twenty-one (21) defendants, including Moving Defendants herein. (Doc. No. 1). Thereafter, on or about February 15, 2019, Plaintiffs filed an Amended Complaint against the same twenty-one (21) defendants. (Doc. No. 4). On March 8, 2019, counsel for Moving Defendants entered his appearance. (Doc. No. 8) On March 15, 2019, Moving Defendants filed their Waivers of Service.

Thereafter, on March 18, 2019, Moving Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. No. 17). On April 18, 2019, Plaintiffs filed a document entitled "Complaint and Request for Injunction" which appears on the docket as "Amended Complaint with Certificate of Service" against all of the original named defendants and adding seven (7) defendants, all of whom are in California, and changing the identification of the Plaintiffs. (Doc. No. 28). As the "Complaint and Request for Injunction" is the third document filed by Plaintiffs entitled "Complaint", it is more precisely "Plaintiffs' Second Amended Complaint". On May 3, 2019, Moving Defendants filed their Motion to Dismiss Plaintiffs' Second Amended Complaint. (Doc. 34). On May 15, 2019, Plaintiffs filed a document entitled "Response to Both of Defendants Motion to Dismiss." (Doc. 7). On May 15, 2019, Plaintiffs also filed a document entitled "Amended Complaint and Request for Injunction." (Doc. 38). This Amended Complaint is the fourth "Complaint" filed by Plaintiff in this case and is more

precisely "Plaintiffs' Third Amended Complaint" (hereinafter referred to as "Third Amended Complaint").

As  with all of the previous pleadings, there are no delineated counts asserted and there are no allegations whatsoever that Answering Defendants engaged in any wrongdoing. To this end, Plaintiffs allege that the events giving rise to their claims occurred in the "Superior Court of California, County of Los Angeles Family Court." (Third Amended Complaint, p. 4).  The Third Amended Complaint contains three (3) separate sections entitled "Statement of Facts" by which Plaintiffs do not name, identify or make any allegation of wrongdoing by any of the Answering Defendants. (Third Amended Complaint, pp. 8-20). Rather, the first Statement of Facts purports to describe a California child support matter. (*Id.* pp. 8-16). The second Statement of facts purports to identify numerous generically and virtually indecipherable violations of the United States Constitution without identifying Answering Defendants, or any named defendant. (*Id.*, pp. 17-14). Finally, the third Statement of Facts also purports to identify numerous generically and virtually indecipherable violations of the United States Constitution without identifying Answering Defendants, or any named defendant. (*Id.* pp. 15-19).

The substance of Plaintiffs' Third Amended Complaint appears to be: (1) an assertion of a violation of the First Amendment Establishment Clause and Free Exercise Clause (*Id.* p. 12); and some kind of allegation that Title 75 of the Pennsylvania Vehicle Code is unconstitutional. (*Id*. pp. 13, 17).

Plaintiffs allege they are seeking emergency injunctive relief from matters arising solely out of a California State action having nothing whatsoever to do with any apparent allegations in the present action. Further, Plaintiffs name three new named California defendants. (*See, generally,* Plaintiffs' Third Amended Complaint).

3

As with Plaintiffs' previously filed Complaint, Amended Complaint, and Second Amended Complaint, Plaintiffs do not mention any of the Moving Defendants in the entirety of the Second Amended Complaint. However, unlike the prior filings, Answering Defendants' names do not appear even in the caption or anywhere at all in the body of the Third Amended Complaint. (*Id.*). In fact, the only thing that appears to bind Answering Defendants to this matter is the case caption.

## II.  <u>STATEMENT OF THE QUESTIONS INVOLVED</u>

- Whether Plaintiffs have violated Federal Rule of Civil Procedure 15 such that they have failed to seek Court approval or agreement of the parties for leave to file a Third Amended Complaint?

- Whether Plaintiffs have violated Federal Rule of Civil Procedure 8 such that the Third Amended Complaint wholly fails to contain a short and plain statement of the claim showing that Plaintiffs are entitled to relief and by failing to provide Moving Defendants fair notice of what the claim is and the grounds upon which it rests?

- Whether the Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) such that on its face, the Third Amended Complaint demonstrates that Moving Defendants have absolute immunity from suit?

- Whether Plaintiffs have violated Federal Rule of Civil Procedure 12(b)(6) by failing to assert any cause of action against Defendants sufficient to survive the Motion to Dismiss?

- Whether Plaintiffs' should be declared vexatious litigants and be barred from filing additional pleadings, motions, or other paper against Moving Defendants without first obtaining leave of Court?

III.   <u>**SUMMARY OF THE ARGUMENT**</u>

As set forth more fully herein, Plaintiffs' Third Amended Complaint fails to set forth a viable cause of action against Moving Defendants and fails to plead a short and plain statement of the claim showing they are entitled to relief. Further, Plaintiffs have already amended their Complaint twice, without seeking leave of Court and have failed to seek Court approval to file the present Third Amended Complaint. Moreover, and significantly, to permit a third amendment would be an exercise in futility as Moving Defendants are inescapably immune from civil liability and because Plaintiffs' motives are dilatory. Indeed, a fair and good faith reading of Plaintiffs' Third Amended Complaint demonstrates that no articulable cause of action has been pled or can otherwise be identified as asserted against Moving Defendants.

Further, Plaintiffs' Third Amended Complaint appears to be an improper attempt to join three (3) additional defendants that are related to or otherwise connected to an entirely unrelated state/family law action in California. Accordingly, Plaintiffs' Third Amended Complaint should be dismissed with prejudice.

Finally, Plaintiffs' should be declared vexatious litigants and be barred from filing additional pleadings, motions, or other paper against Moving Defendants without first obtaining leave of Court.

IV.   <u>**LEGAL STANDARD**</u>

A.     <u>**Legal Standard Under Fed.R.Civ.P. 12(b)(1)**</u>

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to make a facial challenge to the Court's subject matter jurisdiction over the plaintiff's claims. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). When examining a facial attack to a complaint, the Court must consider the allegations of the complaint in the light most favorable to the

plaintiff and limit its review to the complaint and any exhibits attached thereto. *Id.; See also,, Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

**B.** __Legal Standard Under Fed.R.Civ.P. 15(a)__

Federal Rule of Civil Procedure 15(a)(1) and (2) provide that amending a pleading prior to trial is permissible as a matter of course but that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent of the court's leave. [And] [t]he court should freely give leave when justice so requires." Fed.R.Civ.P 15(a)(2). *See*, *Adelman v. Jacobs*, No, 18-607, 2019 U.S. Dist. LEXIS 65485 *17 (W.D. Pa. April 17, 2019)(dismissing four counts in plaintiffs' amended complaint where the court held that not only would leave to amend be futile, the counts should be dismissed because plaintiffs had previously filed an amended pleading and did not affirmatively seek leave to file a second amended complaint and did not provide the court with a proposed amended pleading).

**C.** __Legal Standards Under Fed.R.Civ.P. 8(a)(2) and 12(b)(6)__

A motion under Rule 12(b)(6) tests the sufficiency of a complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the plaintiff is entitled to relief "in order to give the Defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "probability requirement," it demands more than a mere possibility that the defendant has acted unlawfully. *Id.* Legal conclusions and "naked assertions" are not entitled to the presumption of truth and must be disregarded for purposes of resolving a Rule 12(b)(6)

motion. *Iqbal*, 129 S.Ct. at 1950, *see, Wilson v. Pallman*, 2009 WL 2448577 (E.D. Pa. 2009)("Plaintiff's obligation to state the grounds of entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action and will not do.'")(quoting *Twombly*, 550 U.S. at 555).

In analyzing a Motion to Dismiss, the Court should conduct a two-part analysis. First, the Court should separate the factual and legal elements of the claim-and the court should accept all facts as true and disregard any legal conclusions. *Iqbal*, 129 S.Ct. at 1949. Second, the should Court analyze whether the facts alleged in the complaint are sufficient to establish that Plaintiff has stated a plausible claim for relief. *Id.,* at 1950. A complaint has to "show" such entitlement with its facts. *See, Phillips v. County of Allegheny*, 515 F.3d 224, 234-235 (3d Cir. 2008).

For purposes of the present Motion to Dismiss, the Court must accept as true all factual allegations made in Plaintiffs' Third Amended Complaint. *Scheuer v. Rhodes*, 416 U.S. 236 (1974). However, "[I]n ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *see, Pension Benefit Guar. Corp. v. White Consol. Indus, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)(explaining that a District Court may take judicial notice of matters of public record without converting the motion in to one for summary judgment.

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.,*, 643 F.3d 77, 84 (3d Cir. 2011)(citing *Twombly*, 550 U.S. 544, 555-56).

V.    **LEGAL ARGUMENT**

   A.    **The Court Lacks Subject Matter Jurisdiction as Moving Defendants are Immune From Suit**

It is well-settled that a "Rule 12(b)(1) motion is the proper mechanism for a defendant to raise the issue of whether Eleventh Amendment immunity bars federal jurisdiction." *Merrit v. Poinsky*, 2019 U.S. Dist. LEXIS 29777 *2 (E.D. Pa. February 25, 2019) *citing, Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996)(*citing, Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100, 104 S.Ct. 900, 79 L.Ed. 2d 67 (1984).

While (as with the Complaint, Amended Complaint and the Second Amended Complaint) Plaintiffs' Third Amended Complaint is primarily a compilation of nonsensical allegations separated from fact, it appears that the core of their claims is that they are not subject to any actions taken by Moving Defendants because Plaintiffs are sovereign citizens.

   1.    **Moving Defendants Stedman and Blazier Are Absolutely Immune From Suit.**

Moving Defendants, Craig Stedman, the District Attorney of Lancaster County and Caitlin Blazier, the Assistant District Attorney of Lancaster County, are absolutely immune from suit and are protected from liability. More than a mere defense to liability, prosecutorial immunity is an entitlement not to stand trial and serves as a complete bar to suit. *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008); *Mitchell v. Forsyth*, 472 U.S. 511, 512 (1985). Whether a prosecutor is entitled to absolute immunity from §1983 liability for his or her conduct depends on "the functional nature of the activities rather than the respondent's status" as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

To determine whether absolute immunity applies, a "court must ascertain just what conduct forms the basis for the plaintiff's cause of action, and it must then determine what

function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011). "Moreover, District attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth." *Ali v. Paup*, 2019 U.S. Dist. LEXIS 50992 at *5 (E.D. Pa. March 27, 2019) *citing, Van De Kamp v. Goldstein*, 555 U.S. 335, 348-49. 129 S.Ct. 855, 172 L.Ed. 2d 706 (2009).

Based on Plaintiffs' virtually indecipherable allegations, Moving Defendants Stedman and Blazier are entitled to absolute immunity from Plaintiffs' §1983 claims. As a general matter, it is well-settled that actions relating to a prosecutor's handling and presentation of evidence are squarely within a prosecutor's advocacy function and are thus entitled to absolute immunity. *See*, *Henderson v. Fisher*, 631 F.2d 1115, 1120 (3d Cir. 1980) ("The handling of evidence is clearly within the sweep of 'initiating and presenting the State's case, and the prosecutor is immune from Section 1983 liability for such decisions."). To the extent Plaintiffs' allegations can be properly understood to be related to prosecutions, Moving Defendants Stedman and Blazier are entitled to absolute immunity.

### 2. Moving Defendants, Blank, Wilson, Cole, Landon-Miller, Wilson, and Wagner Are Absolutely Immune From Suit.

At all relevant times, the remaining Moving Defendants were employed as follows: Alan Blank as a court reporter; and Mark Wilson, Brett I. Cole, Terri Landon-Miller, and Andrew Wagner with Adult Probation Parole at County of Lancaster. As such, the remaining Moving Defendants are also absolutely immune from suit.

The Third Circuit recognizes the well-settled rule that the officers and employees of the courts, including court reporters are entitled to judicial or quasi-judicial immunity from suits arising out of their official capacity. *Gochin v. Thomas Jefferson Univ.*, 2017 U.S. Dist. LEXIS

74893, *16-17 (E.D. Pa. May 17, 2017) *citing, Turack v. Guido*, 464 F.2d 535, 536 (3d Cir. 1972), *Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971).

Moreover, "the Third Circuit Court of Appeals has repeatedly 'held that Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity.'" *Merrit v. Poinsky*, at *7, *citing, Haybarger v. Lawrence Cnty. Adult Prob. & Parole,* 551 F.3d 193, 198 (3d Cir. 2008); *J.C. v. Ford,* 674 F. App'x 230, 232 (3d Cir. 2016)(holding that 'the Philadelphia Adult Probation and Parole Department and its employees acting in their official capacity are entitled to immunity from damages").

To the extent Plaintiffs' allegations can be properly understood, the official capacity claims against the remaining Moving Defendants are barred as they are entitled to absolute immunity.

**B.    Even If the Court Had Subject Matter Jurisdiction, Plaintiffs' Third Amended Complaint Fatally Fails to State a Cognizable Claim for Violation of the First Amendment to the United States Constitution.**

Plaintiffs appear to allege a claim violation of the First Amendment of the United States Constitution." (Third Amended Complaint, p.16). Plaintiffs plead no further facts in their Third Amended Complaint that identify what, if any, actions Moving Defendants took to deprive them of their religious freedom. (*See,* Third Amended Complaint).

While it is unclear whether Plaintiffs are asserting a claim for violation of the Establishment Clause of the First Amendment to the United States Constitution, or if they are asserting a claim for violation of the Free Exercise Clause, it is clear that Plaintiffs have failed to allege a cognizable claim against Moving Defendants for any violation of the Constitution.

"The Establishment Clause requires government neutrality with respect to religion and so protects against 'sponsorship, financial support, and active involvement of the sovereign in

religious activity.'" *Brown v Scanlon*, 2018 U.S. Dist. LEXIS 194049, *18 (M.D.Pa. November 13, 2018) (citing, *Lemon v. Kurtzman*, 403 U.S. 602, 612, 91 S.Ct. 2105, (1971)(quoting, *Walz v. Tax Commission,* 397 U.S. 664, 668, 90 S.Ct. 1409 (1970). There is a three-part test in connection with an alleged violation of the Establishment Clause and there is no violation where the action: "(1) has a secular purpose; (2) has a primary effect which neither advances no inhibits religion; and (3) does not foster excessive state entanglement with religion." Lemon, 403 U.S. at 612-13. In their Second Amended Complaint, Plaintiffs wholly fail to plead any allegations against Moving Defendants that establish any violation of the Establishment Clause and have therefore failed to plead a cognizable claim for violation of the First Amendment to the United States Constitution.

　　　"The Free Expression Clause of the First Amendment protects the right of every person to choose a religion to practice without state compulsion*." Brown,* at *19. In pursuing the Free Expression inquiry, the court asks, "whether government has placed a substantial burden on the observation of a central religious belief or practice, and if so, whether a compelling governmental interest justifies the burden." *Id.,* citing, *Hernandez v. Commissioner*, 490 U.S. 680, 699, 109 S.Ct. 2136 (1989).  As in the Establishment Clause inquiry, *supra,* there are no discernable allegations of fact plead in Plaintiffs' Third Amended Complaint to set forth a viable claim that Moving Defendants violated their First Amendment religious interests. Plaintiffs do not identify what, if any, act or events perpetuated by Moving Defendants place any substantial burden on the observation of a central religious belief or practice and have therefore failed to plead a cognizable claim for violation of the First Amendment to the United States Constitution.

C.    **Plaintiffs' Third Amended Complaint is Unintelligible and Patently Frivolous.**

It is virtually impossible to discern what, if any facts, Plaintiffs have plead in support of their contention that Moving Defendants have violated any Constitutional right. When a plaintiff's "factual assertions are also voluminous and unintelligible…[and where the] pleading jumps from topic to topic in an incoherent manner and includes extensive discussion about issues that are irrelevant to what the lawsuit seems to be about" such allegations fail to comply with F.R.Civ.P. 8 and such a complaint should rightfully be dismissed. *Miller v, Blanchard*, No. 18-2752, 2019 U.S.Dist. LEXIS 39936 (E.D.Pa. March 12, 2019).

As in *Miller*, Plaintiffs in the instant matter jump from topic to topic. There is voluminous and erratic discussion about topics that have nothing to do with Plaintiffs' purported First Amendment claim. Specifically, Plaintiffs discuss, in part, driver's licenses, passports, treaties, international law, and Pennsylvania's Vehicle Code, and allegations about a California state child support action. (*See, generally* Third Amended Complaint).

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if 'the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Smiles v. County of Berks*, C.A. No. 17-3543, 2017 U.S. Dist. LEXIS 129207 at *4 (E.D. Pa. Aug. 14, 2017)(quotations omitted). In sum, a defendant should not have to guess what claims a plaintiff is brining against it.

In the instant matter (as with the Complaint, Amended Complaint, and Second Amended Complaint), Plaintiffs' Third Amended Complaint is a rambling hodgepodge of vague, ambiguous allegations and jumbled references to the U.S. Constitution, none of which provides a

clear basis for Plaintiffs' claims against Moving Defendants. Moreover, Plaintiffs fail to state the elements of a cause of action under which they claim they are entitled to relief. Indeed, Plaintiffs assert no discernable facts against any of the Moving Defendants or actions taken that caused Plaintiffs' alleged harms. *See, Ali v. Paup,* at \*11-12 (Dismissing the plaintiff's complaint in part because "other than irrelevant discussions of alleged legal fictions and sovereign citizen verbiage, Ali asserts no facts to demonstrate these individuals took any act that caused him harm.").

Moreover, the Third Amended Complaint fails to meet the Rule 8(a) obligation of a "short and plain statement" of the claims and its grounds. *Twombly,* 555 U.S. at 555. As such, Plaintiffs' Third Amended Complaint fails to comply with Rule 8 and should be dismissed. *See Binsack v. Lackawanna Cty. Prison,* 438 F.App'x 158, 160 (3d Cir. 2011) (*per curiam*) (providing for dismissal of an 'excessively voluminous and unfocused' complaint for failure to comply with Fed.R.Civ.P. 8).

### D.   Amendment of the Third Amended Complaint Would be Futile.

Plaintiffs cannot plead true and correct facts that would correct the deficiencies of their Third Amended Complaint. The deficiencies are of a nature that re-alleging the facts in a different manner or with more specificity would result in the same legal conclusions and it would be futile to allow them to amend their pleading. *See Smiles v. County of Berks,* C.A. No. 18-3833 at p. 1 n. 3 (E.D. Pa. Feb. 21, 2019)(citing *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (directing that the district court should generally provide *pro se* plaintiff with leave to amend unless amending would be inequitable or futile); *Fletcher -Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007)("[I]n civil rights cases district courts must

13

offer amendment-irrespective of whether it is requested-when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").

    **E.**    **<u>Plaintiffs Should be Barred From Filing Additional Pleadings, Motions or Other Papers.</u>**

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038, 28 V.I. 345 (3d Cir. 1993); <u>see</u> <u>also</u> *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system—the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id*. First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id.; <u>see</u> <u>also</u> *Matter of Packer Ave. Assoc*., 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; <u>see</u> <u>also</u> *Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa*., 882 F.2d 72, 73 (3d Cir. 1989).

In the instant matter, in addition to being mostly incoherent, Plaintiff's Third Amended Complaint purports to name California defendants for actions allegedly arising solely out of California state law claims having nothing to do with Answering Defendants. Moreover, this is the second time Plaintiffs have amended their complaint for the sole purpose of purporting to add a different set of California defendants for actions allegedly arising solely out of California state

14

law claims having nothing to do with Moving Defendants. Moving Defendants have had to, and continue to, incur unnecessary costs related to litigating the same meritless allegations lodged against them by Plaintiffs. Based on Plaintiffs' history, without interference by the Court, Plaintiffs will continue to abuse the court system.

As such, Plaintiffs should be enjoined from filing additional pleadings, motions, or papers against Moving Defendants without the Court's permission.

## VI.    CONCLUSION

For all the reasons articulated herein, Plaintiffs' Third Amended Complaint against Defendants, Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark J. Wilson, Bret I. Cole, Teri Landon-Miller, and Andrew Wagner should be dismissed *with prejudice* for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P 12(b)(1); failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6), and for failure to comply with Fed.R.Civ.P. 8 and Fed.R.Civ.P. 15(a).

Additionally, Plaintiffs should be enjoined from filing additional pleadings, motions and papers against Moving Defendants without the Court's permission.

Respectfully Submitted,

**THE MACMAIN LAW GROUP, LLC**


Dated: May 24, 2019                    By:    */s/ David J. MacMain*
                                              David J. MacMain
                                              Attorney I.D. No. 59320
                                              Laurie Ann Fiore
                                              Attorney I.D. No. 81373
                                              433 W. Market Street, Suite 200
                                              West Chester, PA 19382
                                              *Attorney for Defendants, Craig W. Stedman,*
                                              *Caitlin Blazier, Alan Blank, Mark Wilson,*
                                              *Brett I. Cole, Terri Landon-Miller and*
                                              *Andrew Wagner*

15

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 24th day of May, 2019, a copy of

the foregoing *Motion to Dismiss* was served upon the following as indicated below:

### Via First Class Mail
Noble Drew Ali
Moorish Science Temple of America
Sheik C. Barnes Bey
PO Box 8606
Lancaster, PA 17604
*Pro Se Plaintiff*

### Via E-Filing Notification
Frank L. Lavery, Jr.
Joshua M. Autry
Lavery Law
225 Market Street, Suite 304
PO Box 1245
Harrisburg, PA 17108-1245
*Attorneys for Mark Shivers, Officer Snyder and Tom Rudzinski*

### Via E-Filing Notification
Martha Gale
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102
*Attorney for Magisterial District Judge Mary Mongiovi Sponaugle,
Honorable Howard Knisely and Magisterial District Judge David Miller*

**THE MACMAIN LAW GROUP, LLC**


Dated: <u>May 24, 2019</u>          By:     <u>*/s/ David J. MacMain*          </u>
                                            David J. MacMain
                                            Attorney I.D. No. 59320
                                            433 W. Market Street, Suite 200
                                            West Chester, PA 19382
                                            *Attorney for Defendants, Craig W. Stedman,
                                            Caitlin Blazier, Alan Blank, Mark Wilson,
                                            Brett I. Cole, Terri Landon-Miller and
                                            Andrew Wagner*

16