IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Noble Drew Ali, et al., | : | No. 5:18-CV-5655 |
| Plaintiffs, | : | |
| | : | (Complaint filed 1/14/19) |
| v. | : | |
| | : | (Honorable Joseph F. Leeson, Jr.) |
| Judge Mary Mongiovi Sponaugle, et al., | : | |
| Defendants. | : | (Electronically Filed) |
| | : | JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF MOTION FOR INJUNCTION AGAINST FURTHER FRIVOLOUS FILINGS BY PLAINTIFFS, BY DEFENDANTS MARK SHIVERS (OFFICIAL CAPACITY), OFFICER SNYDER (OFFICIAL CAPACITY), AND TOM RUDZINSKI, CHIEF OF MANHEIM TOWNSHIP POLICE DEPARTMENT**

**I.    Statement of Facts and Relevant Procedural History:**

The underlying facts of this matter are explained in the Brief in Support of Moving Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, which is incorporated herein by reference.  (Doc. 33-4).

Since the onset of this case, Plaintiffs have filed a flurry of baseless and unintelligible pleadings, documents, and requests.  These filings, variously styled as a "Notice of Writ of Prohibition," (Doc. 18), "Emergency Writ of Mandamus," (Doc. 39), and four separate "Complaints," (Docs. 1, 4, 28, 38), all raise the same meritless arguments that Plaintiffs are exempt from all federal and state law and that the application of these laws infringe on Plaintiffs' religious rights under the First Amendment.[1]  Furthermore, some of Plaintiffs' filings make the impossible request that this Court remove ongoing family-law matters from California state courts that have nothing to do with the instant case and no connection to this Court's territorial jurisdiction.  (Docs. 29, 38).

---

[1] In their Motion to Dismiss, Moving Defendants noted the inconsistency of claiming to be outside of the U.S. legal system while invoking the protections of the First Amendment.  (Doc. 33-4, at 2 n.1).

**II.     Issues Presented:**

1. Does Plaintiffs' pattern of baseless filings in this case justify an injunction against further filings by Plaintiffs until Defendants' Motions to Dismiss are resolved?  **Yes.**

**III.    Summary of Argument:**

The Plaintiffs in this case have shown a determination to bombard Defendants and this Court with continual frivolous filings. As argued in Defendants' Motions to Dismiss, Plaintiffs' claims are barely intelligible and clearly without merit. In situations like these, District Courts are empowered by the All Writs Act to enjoin further vexatious filings. Moving Defendants ask that the Court enter such an injunction.

**IV.     Argument:**

    **A.     Plaintiffs' Continual Frivolous Filings Warrant a Temporary Injunction against Further Filings.**

At this point, Moving Defendants have expended enough valuable time and money responding to Plaintiffs' frivolous, duplicative filings. This Court should exercise its discretion under the All Writs Act, 28 U.S.C. § 1651, to enjoin Plaintiffs from filing any further pleadings, motions, or documents of any kind until all of the Defendants' Motions to Dismiss (Docs. 33, 34, 36, 44) have been decided.

The All Writs Act, which allows District Courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions," has been interpreted to permit injunctions against "abusive, groundless and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). In order to allow courts to exercise this power while preserving "the litigant's rights to due process and access to the courts," the Third Circuit has created a three-factor test that must be satisfied before enjoining baseless court filings. First, "exigent circumstances" must be present, "such as a litigant's continuous abuse of the judicial process by filing meritless and

repetitive actions." *Id.*  Second, notice and an opportunity to respond must be given to the party to be enjoined.  *Id.*  Lastly, "the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case."  *Id.*

The requisite "exigent circumstances" are clearly present here.  As explained in greater detail in the Motions to Dismiss referenced above, Plaintiffs' legal claims are patently meritless.  They have also demonstrated their determination to continue piling on frivolous pleadings, perhaps in an effort to extort settlement by attrition.  This activity is clearly a "continuous abuse of the judicial process."  *Id.*  The Court can easily give Plaintiffs notice and an opportunity to respond to a potential injunction against future filings, thus satisfying the second element identified above.  Finally, to create an appropriately tailored order, this Court should simply bar Plaintiffs from further filings **in this case** until the Court rules on the Defendants' Motions to Dismiss.  Such an order fits the circumstances of this case and serves judicial economy by preventing further enlargement of a case that may be disposed of by motion.  Additionally, by confining its scope to a particular phase of this litigation alone, the order would also protect Plaintiffs' right to access the courts with regard to any other legal matters in which they are involved.

## V. Conclusion:

For the reasons stated above, this Court should enter an injunction against further filings by Plaintiffs until all Defendants' Motions to Dismiss have been decided.

Respectfully submitted,

**Lavery Law**

DATE: May 30, 2019

By: s/Frank J. Lavery, Jr.
Frank J. Lavery, Jr., Esquire
Attorney No. PA 42370
Josh Autry, Esquire
Attorney No. PA 208459
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Defendants Shivers,
Snyder, and Rudzinski, only

## CERTIFICATE OF SERVICE

I, Katy Reilly, an employee with the law firm of Lavery Law, do hereby certify that on this __30th__ day of May, 2019, I served a true and correct copy of the foregoing Motion to Enjoin upon all parties of record as indicated below:

**Via First Class Mail:**

Noble Drew Ali
P.O. Box 8606
Lancaster, PA 17604
*Pro Se Plaintiff*

**Via E-Filing:**

Martha Gale, Esquire
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
*Attorney for Defendants Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard F. Knisely, and Magisterial District Judge David P. Miller*

David J. MacMain, Esquire
Laurie A. Fiore, Esquire
The MacMain Law Group, LLC
433 West Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
lfiore@macmainlaw.com
*Attorneys for Defendants Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark Wilson, Brett I. Cole, Terri Landon-Miller, and Andrew Wagner*

    s/Katy Reilly
    Legal Assistant to Frank J. Lavery, Jr., Esquire and
    Josh Autry, Esquire