IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Noble Drew Ali, et.al. | : | |
| Plaintiffs | : | No. 5:18-cv-5655 |
| | : | (Complaint filed 1/14/19) |
| v. | : | |
| | : | (Honorable Joseph F. Leeson, Jr.) |
| Mary Mongiovi Sponugle, et.al., | : | |
| Defendants | : | (electronically filed) |
| | : | JURY TRIAL DEMANDED |

**Defendant Shivers, Snyder, and Rudzinski's Response to Plaintiffs' "Praecipe to Enter Writ of Emergency Mandamus and Notice of Emergency Injunction Removal"**

**I.      Procedural history and facts:**

On April 18, 2019, Plaintiffs filed a motion styled as a "Praecipe to Enter Writ of Emergency Mandamus and Notice of Emergency Injunction Removal." (Doc. 29, hereinafter "Praecipe"). The Praecipe appears to request that this Court join to this matter a series of claims and defendants relating to ongoing child custody proceedings in a California state court. Defendants Mark Shivers (official capacity), Officer Snyder (official capacity), and Tom Rudzinski now file this response to the Praecipe, asking that it be denied.

**II.     Argument:**

**A. Removing or appealing state family-law proceedings violates either the *Younger* or *Rooker-Feldman* abstention doctrine.**

It is not entirely clear from Plaintiffs' Praecipe whether the Sacramento County family-law proceedings of which they complain are concluded or ongoing. *See* (Doc. 29 at 11) (complaining of "past and present administrative processes"). In either event, however, this Court should deny Plaintiffs' request. Removing ongoing state family-law proceedings would violate the non-interference principles of *Younger v. Harris*, 401 U.S. 37 (1971), while allowing Plaintiffs to challenge an unfavorable judgment from a completed state-court proceeding would

1

violate the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

*Younger* abstention is based on federalism concerns. Absent certain "special circumstances,"[1] District Courts should abstain from interfering with ongoing state judicial proceedings where litigants are free to raise federal claims. *Younger*, 401 U.S. at 41. The Third Circuit has distilled the *Younger* doctrine into a three-part test, which requires the following before a District Court may choose to abstain:

(1) Ongoing, judicial state proceedings exist;

(2) The state proceedings implicate important state interests; and

(3) The state proceedings afford an adequate opportunity to raise federal claims.

*Kendall v. Russell*, 572 F.3d 126, 130 (3d Cir. 2009) (citation omitted). Provided that the custody dispute of which Plaintiffs complain is ongoing, the other two elements are clearly met in this case. Regarding the importance of the state interests involved, this Court has stated that "for over one hundred years, courts have consistently held that family law cases are of paramount importance to the states in which they are pending." *Schapiro*, 1995 U.S. Dist. LEXIS 7910, *12 (collecting cases). Regarding Plaintiffs' opportunity to raise federal claims, there is no indication in Plaintiffs' Praecipe that they are unable to make the federal constitutional claims raised in the Praecipe (Doc. 29 at 16-19)[2] in state court. Thus, the requirements for *Younger* abstention are met and this Court should abstain.

---

[1] A federal District Court should not abstain under *Younger* when "1) the ongoing state proceedings were initiated in 'bad faith'; 2) the proceedings are governed by a flagrantly unconstitutional statute; or 3) other extraordinary circumstances exist." *Schapiro v. Montgomery Cty. Ct.*, 1995 U.S. Dist. LEXIS 7910, *14 (E.D. Pa. 1995) (citing *Younger*, 401 U.S. at 53-4).

[2] Plaintiffs assert that application of California family law violates the Free Exercise of their religion, as well as the Fourth and Fifth Amendments.

Conversely, if the underlying child custody dispute is over and Plaintiffs seek to challenge the effect of a state-court judgment, their suit violates the *Rooker-Feldman* doctrine. This doctrine rests on the understanding that federal District Courts cannot exercise appellate jurisdiction over state courts—that responsibility lies with the U.S. Supreme Court. *Parkview Assocs. Partnership v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000). As with *Younger* abstention, the Third Circuit has broken the *Rooker-Feldman* doctrine down into a set of elements for District Courts to apply:

(1) The federal plaintiff lost in state court;

(2) The plaintiff complains of injuries caused by the state court judgments;

(3) Those judgments were rendered before the federal suit was filed;

(4) The plaintiff is inviting the district court to review and reject the state court judgments.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citation omitted). Plaintiffs' Praecipe contains allegations that seem to indicate they are challenging a court order divesting a member of their church of custody of her children. (Doc. 29 at 12). Plaintiffs also complain that the order has prevented the church member from being involved in important decisions concerning her children's medical care. Id. If this is the case, Plaintiffs are clearly 1) on the losing side of a state-court judgment, 2) complaining of injuries that flow from that judgment, 3) which was decreed before the Praecipe was filed, and 4) are now asking this Court to overturn the judgment. *Rooker-Feldman* clearly applies and counsels this Court to abstain.

In summary, regardless of whether the state-court proceedings aggrieving Plaintiffs are ongoing or concluded, this Court should refrain from adjudicating them based on multiple well-established abstention doctrines.

### III.  Conclusion:

For the reasons stated above, this Court should deny Plaintiffs' request to remove or review California family-law proceedings.

                                Respectfully submitted,

                                **Lavery Law**
                                By:  /s Frank L. Lavery, Jr.
                                      Frank J. Lavery, Jr., Esquire
                                      Atty No. PA 42370
                                      Joshua M. Autry, Esquire
                                      Atty No. PA 208459
                                      225 Market Street, Suite 304
                                      P.O. Box 1245
DATE:  May 30, 2019                    Harrisburg, PA 17108-1245
                                      (717) 233-6633 (telephone)
                                      (717) 233-7003 (facsimile)
                                      flavery@laverylaw.com
                                      Attys for Defendants Shivers, Snyder and
                                      Rudzinski, only

## **CERTIFICATE OF SERVICE**

I, Aimee L. Paukovits, an employee with the law firm of Lavery Law, do hereby certify that on this   30th   day of May, 2019, I served a true and correct copy of the foregoing Response upon all parties of record as indicated below:

**Via First Class Mail:**

Noble Drew Ali
P.O. Box 8606
Lancaster, PA 17604
*Pro Se Plaintiff*

**Via E-Filing:**

Martha Gale, Esquire
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
*Attorney for Defendants Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard F. Knisely, and Magisterial District Judge David P. Miller*

David J. MacMain, Esquire
Laurie A. Fiore, Esquire
The MacMain Law Group, LLC
433 West Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
lfiore@macmainlaw.com
*Attorneys for Defendants Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark Wilson, Brett I. Cole, Terri Landon-Miller, and Andrew Wagner*

                                                          s/Aimee L. Paukovits
                                                          Legal Assistant to Frank J. Lavery, Jr., Esquire and
                                                          Josh Autry, Esquire