UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOBLE DREW ALI, MOORISH SCIENCE TEMPLE OF AMERICA AND SHEIK C. BARNES BEY | : : : |
| Plaintiffs, | : |
| | : |
| v. | : No. 5:18-cv-5655 |
| | : |
| | : |
| MARY MONGIOVI SPONAUGLE,[1] et al., | : : |
| Defendants. | : |
| | : |

## O P I N I O N

**Motion to Dismiss Plaintiffs' Complaint by Defendants Howard F. Knisely, David Miller, Mary Mongiovi Sponaugle, ECF No. 5—Granted**
**Motion to Dismiss Plaintiffs' Amended Complaint by Defendants Craig W. Stedman, *et al.*, ECF No. 17—Granted**
**Motion to Dismiss for Failure to State a Claim by Defendants Mark Shivers, Officer Snyder, and Tom Rudzinski, ECF No. 33—Granted**
**Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendants Craig W. Stedman, *et al.*, ECF No. 34—Granted**
**Motion to Dismiss Plaintiffs' Second Amended Complaint by Defendants Howard F. Knisely, David Miller, and Mary Mongiovi Sponaugle, ECF No. 36—Granted**
**Motion to Dismiss Plaintiffs' Third Amended Complaint by Defendants Craig W. Stedman, *et al.*, ECF No. 44—Granted**

**Joseph F. Leeson, Jr.**                                                                    **May 29, 2019**
**United States District Judge**

## I.     BACKGROUND

Plaintiffs Noble Drew Ali, Moorish Science Temple of America, and Sheik C. Barnes

Bey filed their Complaint on December 31, 2018, ECF No. 1, and filed their First Amended

Complaint on February 15, 2019, ECF No. 4. Although the First Amended Complaint does not

---

[1]     Plaintiffs misspelled Defendant District Judge Mary Mongiovi Sponaugle's surname as "Sponugle."

enumerate specific causes of action, it appears to assert a civil rights claim under 42 U.S.C. §

1983 for violations of the First Amendment. Plaintiffs claim that they are "Moorish American

Moslems" with their own "free national government" and contend that:

> Local Municipality agencies styled as Lancaster County of Pennsylvania etc. and
> all municipalities styled as such content throughout the free national governments
> throughout the continental united States, have in the past and continue on numerous
> occasions to; deny and abrogate the Moorish Americans American Moslems heirs
> and successors, True American Citizens, our inalienable rights that guarantees and
> secures life liberty and the pursuit of happiness by the American Constitution.

First Am. Compl. 5.[2]

The First Amended Complaint is comprised primarily of a rambling series of paragraphs,

the central claim of which seems to be that the Defendants, who appear to be municipal officials

and employees, have violated Plaintiffs' right as Moorish Americans to be subject to their own

religious law:

> The Moorish Science Temple of America is a Lawful Religious Incorporated
> Organization that Noble Drew Ali the Moorish Prince, issues Charters to Religious
> Society Subordinate Temples are guaranteed Religious protection by the 1st
> Amendment of the Constitution and the continual deprivations our rights by
> preferring their law over our law. By impeding our movement, usufructing our
> properties, compulsion of contracts by threat and coerce measure of threating to
> confiscate private property that is secured in a Private irrevocable Trust.

First Amend. Compl. 5. Plaintiffs claim that the events giving rise to their claim occurred

between 1988 and the present. First Amend. Compl. 7.

On March 7, 2019, three of the Defendants, Magisterial District Judge Mary Mongiovi

Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller, who are

presiding judicial officers of the Lancaster County Court of Common Pleas, moved to dismiss,

claiming they are immune from suit in both their official and individual capacities and that

---

[2]     The Court refers to the ECF pagination in all citations to docket entries.

Plaintiffs failed to state a claim against them. ECF No. 5. On March 18, 2019, Defendants Craig W. Stedman, Caitlin Blazier, Alan Blank, David Miller, Mark J. Wilson, Brett I. Cole, Teri Landon-Miller, and Andy Wagner also filed a motion to dismiss under both Rule 8 for failure to contain a short and plain statement of the claim and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. ECF No. 17.

Plaintiffs did not file a timely response to the motions, and on April 10, 2019, the Court ordered Plaintiffs to file a brief in opposition no later than April 19, 2019, and advised Plaintiffs that failure to respond could result in the motions being granted as uncontested and the claims against the moving Defendants being dismissed without further notice. ECF No. 29. Furthermore, on April 15, 2019, the Clerk of Court notified Plaintiffs that they had not filed proof of service of Defendants Moovelook, David Kilgore, Marshall Rieger, Dezeray Davis, Steven J. Golightly, Department of Child Support Services, Michael Wilkening, Nakisha Dickens, and Sherri Carter, and advised Plaintiffs that failure to file proof of service within thirty days could result in dismissal of those Defendants under Rule 4(m). ECF No. 27.

Plaintiffs filed neither a response to the motions to dismiss nor proof of service of the unserved Defendants as directed. Instead, they filed a "Complaint and Request for Injunction," which was docketed as Plaintiffs' Second Amended Complaint. ECF No. 28. The Second Amended Complaint lists "Noble Drew Ali" as the sole plaintiff. Second. Amend. Compl. 1. The body of the Second Amended Complaint names as Defendants Xavier L. Mosely, Darci J. McKean, Scott L. Tedmon, David Elliot, UCSF Benihoff Children's Hospital, Dr. Gary Bean, and Ann Cinnamon, all of whom reside or are located in California. The Defendants named in the First Amended Complaint do not appear in the body of the Second Amended Complaint;

however, they are included, along with the newly added Defendants, in the "Defendant List" at the end of their Second Amended Complaint.

Although similarly incoherent to the allegations in Plaintiffs' First Amended Complaint, the allegations in Plaintiffs' Second Amended Complaint appear to result from a completely unrelated custody dispute in California state court. The Second Amended Complaint alleges that

> Two children, who are heirs of Noble Drew Ali, under the authority of the Sacramento Family Law court, were taken from their mother, who is also an heir. Legal and physical custody was suspended, without casue [*sic*] or due proccess [*sic*]. This event caused a plethora of other events to occur, all of which ultimately resulted in gross neglagence [*sic*] and deprivation of the rights of both mother and her children.

Second Am. Compl. 5. The Second Amended Complaint names the children's mother as Keneice A. Ford El, Second Amended Compl. 6, and contains a declaration that appears to have been written by her, in which she claims that, as Moorish American Muslims, the state courts lack jurisdiction over her. She states that she and her children "raise a claim under a violation that has been committed by the defendants mentioned in this claim in their collective capacity of the whole, orchestrated to violated [*sic*] our inalienable rights." Second Amend. Compl. 9. Plaintiff C. Barnes Bey makes a separate statement of facts and seems to suggest that Defendants have violated the First Amendment by infringing his putative right to be subject to a separate body of law as a member of the Moorish Science Temple of America, similar to the claim in the First Amended Complaint:

> As a Governor Executive ruler, Ordained Divine Minister, Moorish Consul per Title 22 Chapter 2 Section 143 General Jurisdiction in all Civil Cases, a Moorish American Moslems Adept, I raise a claim under Federal Free National Constitutional [*sic*] that has been committed in the past and present by the defendants mentioned in this claim in their official and personal capacity. Each defendant to further their compelling interest functioned as a whole and orchestrated to violated [*sic*] my free national inalienable rights secured by my Free National Constitution The Divine Constitution and bylaws, The Great Koran which consist of the Holy Koran of the Moorish Science Temple of America aka The

> Grand Adviser and Moderator rules and regulations and the Holy Koran of
> Mohammad, The 101 Statutes of Allah ( Questionnaire For Moorish Children)
> which regulate our Society consisting of Religious and Secular Laws and Proclaims
> that Our Authority is derived from Islam for Moorish American Moslems . . . .

Second Am. Compl. 11. He further complains about state-issued documents:

> The defendants on documents labelled social security cards, birth certificates
> and other tentacles that reach to other agencies causes the clamant irreparable harm,
> because it subjects claimant to loss of nationality and inalienable rights as a free
> national being and subjects claimant to special laws that are enacted to target a class
> of people that are subjected to such laws.

Second Am. Compl. 12.

Defendants Mark Shivers, Officer Snyder, and Tom Rudzinski moved to strike or dismiss

the Second Amended Complaint for failure to provide a short and plain statement of the claims

under Fed. R. Civ. P. 8(a)(2), lack of standing, and other defects. ECF No. 33. Defendants Craig

W. Stedman, Caitlin Blazier, Alan Blank, Mark J. Wilson, Brett I. Cole, Teri Landon-Miller, and

Andrew Wagner filed a motion to dismiss the Second Amended Complaint pursuant to Rules 8,

12(b)(1), 12(b)(6), and 15. ECF No. 34. Defendants Magisterial District Judge Mary Mongiovi

Sponaugle, Honorable Howard Knisely, and Magisterial District Judge David Miller filed a

motion to dismiss the Second Amended Complaint, arguing that it fails to state a claim upon

which relief can be granted and that they are entitled to judicial immunity. ECF No. 36.

Plaintiffs filed a response to Defendants' motions to dismiss the Second Amended

Complaint. ECF No. 37. In addition, Plaintiffs filed a Third Amended Complaint—again without

prior leave of court. This Amended Complaint lists new individuals as Defendants: Jennifer

Kent, Director of California Department of Health and Human Services; Jackie Lacey, Los

Angeles County District Attorney; and Nakisha Dickens. Third Amend. Compl. 2. The Third

Amended Complaint appears to attempt to state a claim by an individual named Sheik Steffon

Johns El. He seems to claim that a judgment in a California child support case and

accompanying wage garnishment, and his placement on a passport denial list by the California Department of Health and Human Services violate his rights as a Moorish American. Third Amend. Compl. 8-9. Defendants Craig W. Stedman, Caitlin Blazier, Alan Blank, Mark J. Wilson, Brett I. Cole, Teri Landon-Miller, and Andrew Wagner filed a motion to dismiss the Third Amended Complaint pursuant to Rules 8, 12(b)(1), 12(b)(6), and 15. ECF No. 44.

The Court now addresses Defendants' various motions to dismiss and Plaintiffs' multiple pleadings.

## II.    ANALYSIS

The Court first addresses Plaintiffs' First Amended Complaint and finds that it fails to state a claim. It then considers Plaintiffs' Second and Third Amended Complaints to determine whether accepting those pleadings and permitting amendment would be futile.

### A.    The First Amended Complaint is Dismissed

### 1.    "Noble Drew Ali" lacks capacity to sue, and he and the Moorish Science Temple lack standing.

Plaintiffs appear to be associated with the Moorish Science Temple of America. Judge Pratter provided useful background on this group in a previous case:

> The Moorish Science Temple of America was founded by Timothy Drew, a/k/a Noble Drew Ali, in 1913. *See* http://www.sevensealspublications.com/56611.html. . . . . Drew preached that all African-Americans are of Moorish descent and thus are not citizens of the United States. *See United States v. James*, 328 F.3d 953, 954 (7th Cir.2003). Drew instructed his followers that all "Moorish Americans" must carry a "Moorish passport" bearing one's "real" name, which was often created fictitiously by adding names that Drew claimed corresponded to the three ancient Moroccan tribes, "Ali," "Bey," or "El," to one's given birth name. *See United States v. Darden*, 70 F.3d 1507, 1517 (8th Cir. 1995).

> The Moors claim certain rights as a result of the Treaty of Peace and Friendship of 1786, entered into by the United States of America and the Kingdom of Morocco (the "Treaty"). According to the Moors, the Treaty subjects them only to the laws of Morocco, including the taxing provisions. Moreover, the Moors do not believe that African Americans are technically citizens of the United States within the

meaning of the United States Constitution as a result of many of the Moors'
predecessors being brought to the United States as slaves. Thus, they contend that
descendants of slaves are not subject to the laws established pursuant to the
Constitution. *See* http://www.thenationofmorrish-americans.org/bey.htm. Moors
also believe that the Dred Scott decision (*Scott v. Sanford*, 60 U.S. 393, 19 How.
393, 15 L.Ed. 691 (1857)) stands for the proposition that African-Americans are
not citizens of the United States and thus the duties of citizens, including abiding
by the laws of the United States and paying taxes, do not apply to African-
Americans. *See id; see also, James*, 328 F.3d at 954 (where the defendant offered
a defense that his ancestors came from Africa, thus, he was a Moorish national
required to obey only those laws mentioned in the Treaty).

*Great Seal Moorish Sci. Temple of Am., Inc. v. New Jersey*, No. CIV.A. 05-CV-345, 2005 WL

2396311, at *1 n.1 (E.D. Pa. Sept. 28, 2005). Assuming that the Plaintiff Noble Drew Ali is

intended to be the historical Noble Drew Ali, he is not a proper party to this action. *See*

*Marrakush Soc. v. New Jersey State Police*, No. CIV A 09-2518(JBS), 2009 WL 2366132, at

*25 (D.N.J. July 30, 2009) ("In order to be a litigant in legal proceedings, the litigant—

regardless of whether it is a juridical entity or a natural person—must actually exist.").

Moreover, Noble Drew Ali and the Moorish Temple Society lack standing to sue. To

establish standing, a plaintiff must allege facts sufficient to establish an injury-in-fact, which is

"an invasion of a legally protected interest [that] is (a) concrete and particularized, and (b) actual

or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

(1992) (internal quotations and citations omitted). The First Amended Complaint contains no

allegations of any injury-in-fact to either Noble Drew Ali or the Moorish Temple Society. Nor

may Noble Drew Ali and the Moorish Temple Society pursue claims on behalf of others because,

subject to exceptions that do not apply in this case, litigants "cannot rest a claim to relief on the

legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991); s*ee also El*

*Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537 (D.N.J. 2011) (holding that pro se plaintiff could not

litigate claims on behalf of two other plaintiffs without any showing as to each plaintiff's

individual standing to prosecute those claims).These two plaintiffs also lack the authority to assert claims on behalf of others because a party may not represent another party pro se. *See Itiowe v. Trentonian*, 620 F. App'x 65, 68 (3d Cir. 2015).

Accordingly, the claims of Plaintiffs Noble Drew Ali and the Moorish Temple Society are dismissed.

**2. The First Amended Complaint does not contain a short and plain statement of the grounds for relief and fails to state a claim.**

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 573 (2007). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Additionally, Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Harris v. Julia*, No. 18-CV-4502, 2018 WL 5316352, at *2 (E.D. Pa. Oct. 25, 2018) (citing *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017)).

"To survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face.'" *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n. 27 (quoting *Iqbal,* 556 U.S. at 678). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678; *see Twombly,* 550 U.S. at 555 (the court is "not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted). "While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679.

The First Amended Complaint does not comply with the requirements of Rule 8(a). It does not provide a short and plain statement of Plaintiffs' claims, but instead a rambling and vague series of assertions that the Defendants have violated Plaintiffs' constitutional rights. For example:

> The defendants have violated our inalienable rights by compulsion of spurious demands of drivers license, passports, wage garnishments, liens on property and many other statutes and codes that have led to the loss of herediments corpal [*sic*] and incorporeal employment, which has affected revenue for the families and are still causing injuries that have put some into homeless situations, incarceration from warrants that have been signed by non-judges (corum non-judice), divorce, time away from our Moorish American Asiatic children and some Moorish American Asiatic children have been separated from their Moorish American Asiatic mothers and Moorish American Asiatic fathers and sometimes the whole Moorish American Asiatic family.

First Amend. Compl. 7. Plaintiffs also complain about the "lower courts" placing "fraudulent marks on our character by placing our attribute into a data system for all those to see that the Plaintiffs committed crimes and send correspondence indicating that the plantiffs [*sic*] are on Adult probation, fraudulent debt collecting practices, converting civic procedures to criminal procedures, etc." First Amend. Compl. 8. However, Plaintiffs allege no specific actions by any defendant that allegedly violate their constitutional rights. At best, Plaintiffs seem to allege that the exercise of state law over them violates their freedom of religion as "Moorish Americans." To the extent that Plaintiffs claim they are exempt from state law because they are "Moorish American," their claim is frivolous. *See Atun El v. United States*, No. CIV.A. 13-3970, 2014 WL 1281230, at *2 (E.D. Pa. Mar. 31, 2014) (dismissing unclear complaint that appeared to allege that plaintiff, as a Moorish American, was not subject to criminal code of the District of Columbia and that criminal convictions in the District of Columbia were invalid); *El-Bey v.*

*North Carolina*, No. 5:11-CV-00423-FL, 2012 WL 368374, at *2 (E.D.N.C. Jan. 9, 2012) (finding that "any claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous"), *report and recommendation adopted*, No. 5:11-CV-423-FL, 2012 WL 368369 (E.D.N.C. Feb. 3, 2012). The First Amended Complaint fails to state a claim by alleging sufficient facts to support a plausible, non-frivolous claim on its face. *See Bey v. Peltier*, No. EDCV172552FMOKS, 2018 WL 1858189, at *3 (C.D. Cal. Jan. 25, 2018) (holding that complaint against municipal authorities that alleged that Plaintiff was exempt from paying fine violated Rule 8 because it contained only a "litany of rambling, incoherent claims"), *report and recommendation adopted*, No. EDCV172552FMOKS, 2018 WL 851291 (C.D. Cal. Feb. 12, 2018)

Additionally, the First Amended Complaint is properly dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Reading the First Amended Complaint generously, Plaintiffs appear to bring a claim under the Free Exercise Clause of the First Amendment, stating "in short we the Moorish Americans are practicing our religion that is the Divine Law of Allah and encompasses the Supreme law of the land The American Constitution and Treaties." First Amend. Compl. 6. The First Amendment to the United States Constitution provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 165 (3d Cir. 2002) (quoting U.S. Const. amend. I) (alteration in original). The Free Exercise Clause applies to state and local government under the Fourteenth Amendment. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940).

"Depending on the nature of the challenged law or government action, a free exercise claim can prompt either strict scrutiny or rational basis review." *Tenafly Eruv Ass'n, Inc.*, 309 F.3d at 165. When a challenged law "is 'neutral' and 'generally applicable,' and burdens religious conduct only incidentally, the Free Exercise Clause offers no protection." *Id.* at 165 (citing *Employment Div. v. Smith*, 494 U.S. 872, 879 (1990)); *see also Fraternal Order of Police Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359, 364 (3d Cir. 1999) (explaining that in cases involving state laws affecting religious freedoms, *Smith* is the appropriate framework for analysis because the federal Religious Freedom Restoration Act of 1993, passed by Congress in response to *Smith*, does not apply to state actions). Thus, the constitutionality of a neutral and generally applicable state or local law under the Free Exercise clause is evaluated using the rational basis standard, which requires merely that the government action be "rationally related to a legitimate government objective." *Fulton v. City of Philadelphia*, 320 F. Supp. 3d 661, 680 and n.20 (E.D. Pa. 2018), *aff'd*, 922 F.3d 140 (3d Cir. 2019).

Plaintiffs seem, at best, to challenge only neutral and generally applicable state and municipal laws. Plaintiffs seem to claim that their heritage as Moorish Americans exempts them from state law pursuant to the "Treaty of Peace and Friendship" with Morocco. A district court within the Third Circuit has identified this "Treaty of Peace and Friendship" as the Treaty with Morocco sealed by the Emperor of Morocco on June 23, 1786, and ratified by the United States July 18, 1787, and has recognized that any claim of exemption from state law under that treaty is "facially frivolous." *El Ameen Bey*, 825 F. Supp. 2d at 558 and n.10.[3] Plaintiffs' First Amended Complaint contains no allegations that state a claim under the Free Exercise Clause.

---

[3]     The Treaty with Morocco is one of the Barbary Treaties (executed, during 1795–1836 between the United States and semi-autonomous North African city-states of Algiers, Tunis, and

Plaintiffs' First Amended Complaint contains no short and plain statement of Plaintiffs' claims and fails to state a claim on which relief can be granted. Accordingly, the Court grants Defendants' motions to dismiss the First Amended Complaint.[4] When dismissing a case brought by a pro se plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice to leave to amend. *Hoffenberg v. United States*, No. CIV.A. 10-2788 JBS, 2012 WL 379934, at *5 (D.N.J. Feb. 6, 2012) (citing *Grayson v. Mayview State Hospital*, 293 F.3d 103, 110–11 (3d Cir. 2002)). Because Plaintiffs have already attempted to amend their complaint two more times, albeit without leave of Court, the Court next considers the Second and Third Amended Complaints to determine whether amendment is proper.

## B. The Second Amended Complaint and Third Amended Complaint are stricken because Plaintiffs did not request leave of court and amendment would be futile.

Federal Rule of Civil Procedure 15(a)(1)(A) permits a party to amend a pleading once as a matter of course. Plaintiffs did so when they filed their First Amended Complaint. After one amendment, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs filed the Second and Third Amended Complaints without the Defendants' consent and therefore require the court's leave to file them. *See Rauso v. Fein*, No. 13-CV-693,

---

Tripoli, and the Sultanate of Morocco). *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 n.10 (D.N.J. 2011).

[4] The Court recognizes additional grounds for dismissal that it need not address at length in light of the foregoing analysis. Because Plaintiffs' claims against Defendants Magisterial District Judge Mary Mongiovi Sponaugle, Honorable Howard Knisely and Magisterial District Judge David Miller seem to concern Defendants' performance of their judicial duties, and judges are immune from suit for judicial acts within their jurisdiction, the judicial Defendants are entitled to immunity. *See Figueroa v. Blackburn*, 208, F.3d 435, 443 (3d Cir. 2000 (holding that judges are generally entitled to judicial immunity). Additionally, Defendants Moovelook, David Kilgore, Marshall Rieger, Dezeray Davis, Steven J. Golightly, Department of Child Support Services, Michael Wilkening, Nakisha Dickens, and Sherri Carter are properly dismissed under Rule 4(m) because Plaintiffs never served them as directed by the Clerk of Court.

2017 WL 3279009, at *2 (E.D. Pa. Aug. 2, 2017). Although a court should grant leave to amend freely, it may deny leave to amend for "undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Amendment "would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Plaintiffs have not sought leave to amend, even retroactively. *Cf. Caruso v. Lanigan*, No. CV 13-5837 (FLW), 2015 WL 5722718, at *3 (D.N.J. Sept. 29, 2015) (addressing motion for leave to amend filed after amended complaint). Regardless, the Court denies leave to amend because Plaintiffs' Second and Third Amended Complaints fail to state claims upon which relief could be granted; therefore, amendment would be futile.

The Second and Third Amended Complaints suffer from the same fatal defects as the First. The factual allegations of the Second Amended Complaint suggest that Plaintiffs are complaining about Keniece A. Ford El's loss of custody of her children in the Sacramento Family Court. However, Keniece A. Ford El is not a party to this action and, as discussed above, Plaintiffs may not represent other pro se parties. The Second Amended Complaint includes a declaration from Plaintiff C. Barnes Bey; however, it includes a string of "whereas" clauses that make no particularized allegations against any defendant, other than to say that "[e]ach defendant to further their compelling interest functioned as a whole and orchestrated to violated [*sic*] my free national inalienable rights." As discussed above, Plaintiffs cannot claim exemption from state law based on their status as Moorish Americans or the Treaty with Morocco. Neither the allegations on behalf of Keneice A. Ford El nor C. Barnes Bey include a short and plain statement of any viable claim.

The same is true of the Third Amended Complaint. It appears to raise allegations on behalf of yet another individual, named Sheik Steffon Johns El, challenging actions in California that violated his "free national being" as a Moorish American. Third Amend. Compl. 11. Again, Plaintiffs have no standing to represent another party and the Third Amended Complaint contains no discernible allegations that state any claim for relief.

Because Plaintiffs' First Amended Complaint fails to state a claim and Plaintiffs have tried to amend twice—without court permission—and still have failed to state a claim, the court concludes that future amendment would be futile and dismisses Plaintiff's claims with prejudice for failure to comply with Fed. R. Civ. P. 8 and failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

### III.    CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss Plaintiffs' First Amended Complaint are granted. Defendants' Motions to Dismiss the Second and Third Amended Complaints are granted in that the Court concludes that the Second and Third Amended Complaints fail to state a claim and denies leave to amend. Therefore, the First Amended Complaint is dismissed with prejudice. A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge